"Plaintiff Casper’s petition asserts in substance that he was a paid confidential informant (working under the code name of T.W. 24) for the Internal Revenue Service, especially with regard to matters in the Bahamas; that his identity was wrongfully disclosed by the then Commissioner of the Internal Revenue Service at a press conference at which the Commissioner disclosed sufficient material facts so that anyone familiar with T.W. 24 or with his activities would know his true identity; that as a result of this disclosure plaintiff suffered severe damage to his business in the Bahamas and to his personal safety; and that the Commissioner’s action was a breach of an implied contract plaintiff had with the United States to maintain his confidential status. He seeks large damages and an injunction against any further dissemination of information regarding him.
"Defendant has moved to dismiss, plaintiff has filed a cross-motion for summary judgment, and oral argument has been had.
"Casper founds his claim of a contract implied in fact on certain provisions of the IRS Handbook and Manual for Special Agents,' dealing with the status of confidential informants. But we need not decide whether those provisions could create any implied contract, and if so of what nature, because at the oral argument plaintiffs counsel, under inquiry from the bench, refused to represent to the court that plaintiff was in any way aware of these *1053 provisions (or their substance) when he undertook the role of confidential informant. Without some knowledge on Casper’s part that the Government had agreed to maintain his confidentiality if he undertook to be a confidential informant, there could be no contractual arrangement with the Government, express or implied. Since plaintiff has moved for summary judgment, it is ,his burden to at least assert in definite form that he understood or expected or knew that his confidentiality would be maintained by the Government if he became an informant.[1]
"In view of this cardinal defect in plaintiffs case it is unnecessary to go further but we add that, in any event (i) we have no jurisdiction to grant the injunction plaintiff seeks (United States v. King, 395 U.S. 1 (1969); Glidden Co. v. Zdanok, 370 U.S. 530, 557 (1953));[2] and (ii) the loss-of-business damages plaintiff asks us to award seem beyond those normally allowable for breach of contract (see Northern Helex Co. v. United States, 207 Ct. Cl. 862, 886-88, 524 F.2d 707, 720-21 (1975); William Green Constr. Co. v. United States, 201 Ct. Cl. 616, 626, 477 F.2d 930, 936 (1973)).
"it is therefore ordered and concluded that defendant’s motion to dismiss is granted, plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.”
Plaintiffs motion for rehearing was denied on April 4, 1978.

 Plaintiff filed no such affidavit or statement. Even the petition does not allege that plaintiff knew of any Government pledge of confidentiality; it merely says that the Government maintained a right of confidentiality over a period of many years.

 Pub. L. No. 92-415, Act of August 29, 1972, 88 Stat. 652, amending 28 U.S.C. § 1491, does not grant this court injunctive power of the type plaintiff seeks to invoke.