This case is presented to the court on defendant’s motion to dismiss the petition filed by eight individual Indians presently enrolled as members of the federally recognized Yakima Tribe of Washington State. Without benefit of counsel plaintiffs demand 32 billion dollars "as a first payment to us for all the suffering and losses caused by the United States. * * * After the lump sum payment then we *700 will be entitled to monthly payments from the United States.”
Plaintiffs describe themselves as descendants of Chief Blackwolfe and as representatives of the Kah-Milt-Pah Band. They allege that their chief presented a claim during the term of President Woodrow Wilson but that it has not been granted. They renew it and demand damages for miscellaneous alleged wrongs for "emotional suffering and mental anguish” they allegedly must endure as a result of "losses” imposed upon them by the United States, by other Indians, and by the States of Washington and Oregon. They demand not only money but equitable relief in the form of a "mandatory order”; a declaratory judgment establishing their rights to a lifetime guarantee of shared income derived from government projects along the Columbia River; return of a gold, eight-pointed star of religious significance (we are not told who took it, when it was taken, or where it is now); guarantees of water, hunting, and fishing rights; return of lands taken from them by the Yakima and Warm Springs Tribes and by the United States; quality-built homes; and improved roads. They further seek removal of their names from the Yakima tribal roll and recognition of their band as a separate Indian tribe "entitled to all federal services.” Their present rights are said to derive from ancestral rights enjoyed along the Columbia River in Washington and Oregon states "since the beginning of time,” and conferred by the Creator. They complain that their present chief has chosen to abandon them and has become a permanent resident of the Yakima reservation. Federal and state projects along the Columbia are said to have inflicted tremendous losses upon plaintiffs, and it is charged that their birthright has been violated by actions of the Government and by neglect by the Yakima Tribe which has left them poor, hungry, and homeless. We are not told just when these miscellaneous offenses against plaintiffs took place.
We must allow the motion to dismiss the petition because plaintiffs have not established a legal basis for their claim. Such a basis is prerequisite to this court’s jurisdiction under its relevant jurisdictional statutes, 28 U.S.C. § 1491 (1976) and 28 U.S.C. § 1505 (1976). Further, many of plaintiffs’ *701 claims, such as for emotional suffering, sound in tort where we have no jurisdiction, 28 U.S.C. § 1491, and plaintiffs seek equitable relief we have no power to grant. United States v. King, 395 U.S. 1 (1969). This is a court of limited jurisdiction granted to it by statutes which waive sovereign immunity. Waiver of sovereign immunity cannot be implied but must be unequivocally expressed. United States v. Testan, 424 U.S. 392 (1976). Congress has not been shown to have waived immunity from suit in the circumstances complained of by plaintiffs. For over a generation the Indian Claims Commission entertained tribal claims and was empowered to grant equitable relief on claims arising prior to August 13, 1946. It is strange that, if plaintiffs speak for an identifiable tribe, band, or group, as their response to the motion says exists, they did not pursue the remedies afforded to them by Congress as other such entities did. Their allegation of federal recognition seems inconsistent with the petition asking for such recognition. Nevertheless, we have sought to find some authority which might support plaintiffs’ claims as individuals or as a group, but it does not appear to exist. They have failed utterly to establish that the United States has waived sovereign immunity with respect to their monetary claims, and we have no jurisdiction over their equitable and tort claims under the statutes cited above.
Plaintiffs have also failed to state a claim upon which relief could be granted, assuming our jurisdiction. They do not allege facts demonstrating liability of defendant. Their allegations are conclusory in nature, quite vague, and are insufficient as a matter of law to state a claim upon which relief can be granted against the Federal Government. Nor do they show the government’s liability for the alleged misdeeds of others.
In response to defendant’s motion to dismiss, six of the plaintiffs have responded by letter and have enclosed a letter written in 1968 by a Member of Congress from the State of Washington to Chief Levi W. George, regarding a "statement” he had submitted to the Member concerning losses said to have been sustained by "Mid-Columbia Indians as a result of the John Day Dam project.” Plaintiffs state that this letter recognizes the truth of their state- *702 merits, but do not identify the Kah-Milt-Pah Band as the Mid-Columbia Indians or explain whether the band can be exclusively so described. The letter is not an authorized admission against the defendant and only makes recommendations that counsel should be employed to bring suit or to undertake negotiations with the Department of Interior, supported by "detailed information which can be used for the purposes of determining the amount of monetary loss the Mid-Columbia Indians have actually sustained.” Plaintiffs do not inform us whether these negotiations were undertaken. They do say that they have had no legal counsel because they cannot afford it. We recognize that Indian claims are routinely handled by lawyers on a contingent basis so give no weight to this argument.
rr is therefore ordered, upon consideration of the petition, the motion to dismiss, and plaintiffs’ response thereto, without oral argument, that the motion to dismiss must be and it is allowed. The petition is dismissed.