This case comes before the court on defendant’s motion to dismiss plaintiffs petition on the grounds that this court lacks subject matter jurisdiction and that the petition fails to state a claim upon which relief can be granted. Upon the brief presented and upon plaintiffs petition, we conclude that this court lacks subject matter jurisdiction over this action. Thus, we do not consider the alternate ground for dismissal as advanced by defendant.
Plaintiff, in this pro se proceeding, seeks to recover damages from the United States for unspecified minerals to which she claims entitlement and of which she claims the government is now in control.
Plaintiff alleges that she began working for the National Railroad Passenger Corporation (Amtrak) in April of 1977 as a "reservationist clerk.” While employed at Amtrak plaintiff alleges that she devised or formulated an idea of a route that was later adopted and developed by Amtrak. Apparently, in the development of this route unspecified minerals were discovered in June or July of 1978 close to Albuquerque, New Mexico. All this is alleged by plaintiff. Plaintiff asserts a claim for an interest in the purportedly *813 discovered minerals to the extent of $40 million, or alternatively, to 15 percent of any organization set up to extract said minerals and a similar share of any funds invested for the exploitation of same.
Plaintiff bases her claim on the "patent laws” and on an unspecified "mining law.” Further, plaintiff brings this claim against the United States on the premise that the government controls her "findings” or "discovery of minerals” because "Amtrack [sic] is a Federal Government affilation [sic].” Thus, plaintiff claims that Amtrak in utilizing her ideas for a new route discovered minerals while developing said route, which discovery and fruits thereof are now in the possession and control of the government by virtue of its affiliation with Amtrak. Plaintiffs claim is therefore brought against the government in its capacity as principal with Amtrak as its agent, or in some relationship analogous to one of a principal and agent. Put another way, plaintiff seeks to impute the actions of Amtrak to the United States and to render the government liable therefor.
In order to state a claim within the jurisdiction of this court, a plaintiff must assert a substantive right enforceable against the United States for money damages. United States v. Testan, 424 U.S. 392, 397-98 (1976); United States v. King, 395 U.S. 1, 2-3 (1969). Relying on its assessment of this basic jurisdictional requirement, defendant urges that the government is not a proper party to this action because Amtrak is not an agency or establishment of the United States Government, therefore, plaintiffs claim, which is on the face of the complaint one against Amtrak, should be dismissed.
In Butz Engineering Corp. v. United States, 204 Ct.Cl. 561, 499 F.2d 619 (1974), we had occasion to examine this court’s jurisdiction over actions against federally created agencies and corporations. In Butz, the question was whether a suit against the United States Postal Service (USPS) was to be considered a suit "against the United States” within the meaning of the Tucker Act, 28 U.S.C. § 1491. In Butz, we decided that the court did have jurisdiction over actions brought against the USPS. In arriving at its decision, the court adverted to the proposition that if Congress explicitly *814 severed all governmental nexus with an instrumentality it created, then there would be no jurisdiction in this court over actions brought againt that instrumentality. The court stated:
Congress has shown it is capable of unequivocally cleaving a public service or corporation from all governmental nexus when it so desires. In establishing the Securities Investors Protection Corporation, for instance, the legislature bluntly directed that the corporation "shall not be an agency or establishment of the United States Government * * * ” (Citation omitted.) 204 Ct.Cl. at 571, 499 F.2d at 624.
We think that the foregoing sufficiently shows that defendant’s motion must prevail. Our reading of plaintiffs complaint reveals that plaintiffs claim seeks to impute to the government action of her employer, Amtrak. Plaintiff has not alleged any other governmental action or any other actions fairly traceable to the government. In 1970 Congress created Amtrak as a for profit corporation. 45 U.S.C. §§ 541-645. Congress expressly provided that — "[t]he Corporation will not be an agency or establishment of the United States Government.” 45 U.S.C. § 541. This language is identical of that quoted from Butz, supra, in connection with the creation of the Securities Investors Protection Corporation, advanced by this court as an entity against whom actions in this court were not cognizable. This clear congressional statement acts as a barrier, as we pointed out in Butz, to the assertion of claims against Amtrak in this court.
it is therefore ordered that defendant’s motion to dismiss is granted and plaintiffs petition is hereby dismissed.