# UNITED STATES *v.* KING.

No. 672.  Argued April 2, 1969.—Decided May 19, 1969.

*Assistant Attorney General Ruckelshaus* argued the cause for the United States.  With him on the briefs were *Solicitor General Griswold, Harris Weinstein,* and *Morton Hollander.*

*Neil B. Kabatchnick* argued the cause for respondent. With him on the brief was *Richard H. Love.*

*Warner W. Gardner* and *Benjamin W. Boley* filed a brief for the Liner Council, American Institute of Merchant Shipping, as *amicus curiae.*

Mr. Justice Black delivered the opinion of the Court.

Colonel John P. King, respondent, was retired from the Army for longevity (length of service) over his objection that he should have been retired for physical disability. Had his retirement been based on disability, Colonel King

1

would have been entitled to an exemption from income taxation allowed by § 104 (a) (4) of the Internal Revenue Code of 1954, 26 U. S. C. § 104 (a) (4). He brought this action in the Court of Claims alleging that the Secretary of the Army's action in rejecting his disability retirement was arbitrary, capricious, not supported by evidence, and therefore unlawful, and asked for a judgment against the United States for an amount of excess taxes he had been compelled to pay because he had been retired for longevity instead of disability. The Court of Claims agreed with the United States that the claim as filed was basically one for a refund of taxes and was therefore barred by King's failure to allege that he had filed a timely claim for refund as required by 26 U. S. C. § 7422 (a). In this situation, the court suggested to counsel that it might have jurisdiction under the Declaratory Judgment Act and requested that briefs and arguments on this point be submitted to the court. This was done. The Court of Claims, in an illuminating and interesting opinion by Judge Davis, reached the conclusion that the court could exercise jurisdiction under the Declaratory Judgment Act, 28 U. S. C. § 2201. In so holding, the court thereby rejected the Government's contentions that the Declaratory Judgment Act does not apply to the Court of Claims and that the court's jurisdiction is limited to actions asking for money judgments. By this ruling the court expressly declined to follow a long line of its own decisions beginning with *Twin Cities Properties, Inc.* v. *United States,* 81 Ct. Cl. 655 (1935). As the opinion of Judge Davis showed, the question of whether the Court of Claims has jurisdiction to issue declaratory judgments is both substantial and important. We granted certiorari to decide that question.

The Court of Claims was established by Congress in 1855. Throughout its entire history up until the time that this case was filed, its jurisdiction has been limited

to money claims against the United States Government. In 1868 this Court held that "the only judgments which the Court of Claims [is] authorized to render against the government . . . are judgments for money found due from the government to the petitioner." *United States* v. *Alire,* 6 Wall. 573, 575. In *United States* v. *Jones,* 131 U. S. 1, this Court reaffirmed this view of the limited jurisdiction of the Court of Claims, and held that the passage of the Tucker Act in 1887 had not expanded that jurisdiction to equitable matters. More recently, in 1962, it was said in the prevailing opinion in *Glidden Co.* v. *Zdanok,* 370 U. S. 530, 557, on a point not disputed by any of the other members of the Court that "[f]rom the beginning [the Court of Claims] has been given jurisdiction only to award damages . . . ." No amendment purporting to increase the jurisdiction of the Court of Claims has been enacted since the decision in *Zdanok.*

The foregoing cases decided by this Court therefore clearly show that neither the Act creating the Court of Claims nor any amendment to it grants that court jurisdiction of this present case. That is true because Colonel King's claim is not limited to actual, presently due money damages from the United States. Before he is entitled to such a judgment he must establish in some court that his retirement by the Secretary of the Army for longevity was legally wrong and that he is entitled to a declaration of his right to have his military records changed to show that he was retired for disability. This is essentially equitable relief of a kind that the Court of Claims has held throughout its history, up to the time this present case was decided, that it does not have the power to grant.

It is argued, however, that even if the Court of Claims Act with its amendments did not grant that court the authority to issue declaratory judgments, it was given that authority by the Declaratory Judgment Act of 1934. Support for this proposition is drawn from the language in

the Declaratory Judgment Act that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." The first answer to this contention is that, as we have pointed out, cases seeking relief other than money damages from the Court of Claims have never been "within its jurisdiction." And we agree with the opinion of the Court of Claims in this case that the legislative history materials concerning the application of this Act to the Court of Claims "are, at best, ambiguous." For the court below, it was sufficient that there was no clear indication that Congress affirmatively intended to exclude the Court of Claims from the scope of the Declaratory Judgment Act. We think that this approach runs counter to the settled propositions that the Court of Claims' jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and that such a waiver cannot be implied but must be unequivocally expressed. *United States* v. *Sherwood,* 312 U. S. 584. This was precisely the position taken by the Court of Claims in a line of its own decisions beginning with *Twin Cities Properties, Inc.* v. *United States,* 81 Ct. Cl. 655 (1935). In that case, decided soon after the passage of the Declaratory Judgment Act, the Court of Claims held that it would require a specific and express statute of Congress to give the Court of Claims the power to issue declaratory judgments. The Court of Claims said in *Twin Cities* that:

"If Congress had intended to extend the scope of this court's jurisdiction and subject the United States to the declaratory judgment act, we think express language would have been used to do so, and the court is not warranted in assuming an intention to widen its jurisdiction from the general

provisions of the act which concerns a proceeding equitable in nature and foreign to any jurisdiction this court has heretofore exercised." 81 Ct. Cl., at 658.

We think that the earlier decisions of the Court of Claims and those that have consistently followed them were correct. There is not a single indication in the Declaratory Judgment Act or its history that Congress, in passing that Act, intended to give the Court of Claims an expanded jurisdiction that had been denied to it for nearly a century. In the absence of an express grant of jurisdiction from Congress, we decline to assume that the Court of Claims has been given the authority to issue declaratory judgments.

*Reversed.*