On writ of certiorari to review the action of the United States Court of Claims (182 Ct. Cl. 631, 390 F. 2d 894 (1968)), holding that the Court of Claims has jurisdiction to render a declaratory judgment in connection with a case over which it has jurisdiction otherwise, such as that of *738 Colonel King’s based on a claim that there had been an arbitrary and capricious denial of the correction of his military record to show that he had been retired for physical disability instead of longevity, and asking for a judgment against the United States for income taxes he had been compelled to pay on his longevity retirement income, the Supreme Court granted certiorari ('393 U.S. 1013) on January 13, 1969. On May 19, 1969 (395 U.S. 1), the Supreme Court reversed the Court of Claims on the ground's that neither the Act creating the Court of Claims nor any amendment thereto grants the Court of Claims jurisdiction of the present case; and also that there is no indication in the Declaratory Judgment Act of 1934 or its history that Congress, in passing that Act, intended to give the Court of Claims an expanded jurisdiction, i.e. over cases seeking equitable relief and not money damages, such as a declaratory judgment. The Court of Claims’ jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and such a waiver cannot be implied but must be unequivocally expi-essed.