Court of Claims jurisdiction; declaratory relief. — Plaintiff, in petitioning the court, sought to recover compensation for loss of sick leave in 1965 which she alleges she was wrongfully required to take; plaintiff was restored to her position thereafter and has been continuously employed by the agency since that time. Defendant filed a motion to dismiss on the ground that the petition does not state a cause of action upon which relief can be granted. On June 7, 1968, the court by order denied defendant’s motion, and further ordered plaintiff on the basis of King v. United States, 182 Ct. Cl. 631, 390 F. 2d 894 (1968), to amend her petition to seek a declaration of rights regarding the legality of the involuntary use of sick leave. Plaintiff complied with the order on July 2,1968. On October 16, 1968, defendant moved to suspend proceedings because it intended to file a petition for a writ of cer-tiorari in the Supreme Court in the King case, supra, testing whether this court has jurisdiction to render a declaratory *571 judgment. On May 19,1969 (395 U.S. 1), the Supreme Court reversed this court, determining that the Court of Claims does not {have jurisdiction to issue declaratory judgments. On May 21, 1969, defendant moved to lift the suspension and to dismiss plaintiff’s petition. On May 27,1969, plaintiff moved to transfer proceedings to the United States District Court. Upon consideration of the motions of May 21 'and May 27, 1969, together with the responses in opposition thereto, without oral argument, and on the basis of the decision of the Supreme Court in the King case, the court concluded that it lacks jurisdiction to grant the declaratory relief sought by plaintiff. On October 31, 1969, the court ordered plaintiff’s motion to transfer be denied, defendant’s motion to dismiss be granted, and dismissed the petition, without prejudice to plaintiff’s right to seek declaratory or injunctive relief in the United States District Court against the appropriate official or officials.