Court of Claims jurisdiction; declaratory relief; mandamus relief; Indicni claims. — On June 1, 1973 the court issued the following order:
*1091 “This case comes before the court on the defendant’s motion to dismiss the petition for lack of jurisdiction. Upon consideration of the motion and briefs of the parties, and without oral argument, it is concluded that the motion should be granted.
“The petition was filed fro se'by a group of Indians residing in North Carolina who claim to be Tuscarora Indians. The basis for the plaintiffs’ complaint in this case is derived from their displeasure at being classified as “Lumbee Indians” as a result of the Lumbee Act passed by the North Carolina State Legislature and by the analogous Lumbee Act of June 7, 1956 (70 Stat. 254) passed by the Congress of the United States. The Federal Act served to designate as Lumbee Indians certain Indian groups who resided along the Lumbee Eiver in Robeson County, North Carolina. Since this group of Indians was supposed to have descended from an admixture of colonial whites and local Indian ancestors, the Act effectively denied this group of ‘Indians’ the benefits otherwise accraing to those of Indian descent by saying:
* * * Nothing in this Act shall make such Indians eligible for any services performed by the United States for Indians because of their status as Indians, and none of the statutes of the United States which affect Indians because of their status as Indians shall be applicable to the Lumbee Indians.
“The plaintiffs claim that there is not, and never has been, a tribe known as the Lumbee Tribe. In their prayer for relief, the plaintiffs ask this court to do four things: (1) Issue an order directing Congress to repeal the Lumbee Act; (2) declare this group of Indians to be ethnologically Tuscarora Indians; (3) issue an order directing the North Carolina Legislature to repeal its version of the Lumbee Act; and (4) issue an order directing the Secretary of the Interior to conduct an investigation of the events leading to the passage of the two Lumbee Acts. The suit is a class action brought on behálf of the four petitioners ‘and all others similarly situated.’
“While it is clear from the language in the Federal Lumbee Act that these plaintiffs might have considerable reason to be upset and concerned about the effects of such an Act removing *1092 them from any possibility of collecting Federal largesse otherwise available to some Indians, it is also clear that they are not seeking money damages from the United States, but are instead asking this court to take action on matters outside its jurisdiction, with powers it does not have, and remedies it cannot grant, and to parties it cannot reach. All four prayers ask for declaratory relief or mandamus relief, both of which are outside the court’s jurisdiction. United States v. King, 395 U.S. 1 (1969). Glidden Co. v. Zdanok, 370 U.S. 530, 557 (1962). While the court might be in a position to entertain a class action in appropriate circumstances where the relief is confined to a money judgment, it is clear that this is not such a claim. Quinault Allottee Assoc. v. United States, 197 Ct. Cl. 134, 453 F. 2d 1272 (1972).
“it is therefore ordered that defendant’s motion to dismiss the petition be and the same is granted and the petition is dismissed.”
BY THE COURT
(Sgd) WmsoN CoweN Chief Judge