Indian claims; Court of Claims jurisdiction/ equity-jurisdiction/ action for cm accounting by the Government;■ limitation of actions. — On June 25,1976 the court entered the-following order:
Before CoweN, Chief Judge, SkeltoN and BeNNett,. Judges.
“This case comes 'before the court on defendant’s motion, for summary judgment and plaintiff’s opposition thereto. The suit is by an Indian Tribe for an accounting by the Gov *728 ernment for management of the tribe’s lands from the time of the completion of the Boulder Dam on the Colorado River-in 1936 to date, and for an accounting with reference to $111,-•547.44 paid into the Treasury for the account of the tribe in 1942 for the taking of certain of their lands in connection with the building of the Parker Dam on the Colorado River, from 1940 to the present time. We hold for the Government because of the following:
“(1) A suit for an accounting is a suit in equity and we have no equity jurisdiction except in aid of a judgment of liability against the Government. See Klamath and Modoc Tribes v. United States, 174 Ct. Cl. 483, 487 (1966); Carney v. United States, 199 Ct. Cl. 160, 462 F. 2d 1142 (1972); and United States v. King, 395 U.S. 1 (1969). Accordingly, we have no jurisdiction over plaintiff’s suit for an accounting.
“(2) It appears that plaintiff’s suit is barred by the six-year statute of limitations in that the events complained of occurred in 1936 and 1940. See 28 U.S.C. § 2501. The claim of the plaintiffs that limitations will not bar 'an express trust such as they allege existed here is unpersuasive. The facts do not show the existence of an express trust. The statute of limitations applies to Indians the same as to anyone else. See Capoeman v. United States, 194 Ct. Cl. 664, 440 F. 2d 1002 (1971); Caldwell v. United States, 197 Ct. Cl. 1063 (1972) ; and Andrade v. United States, 202 Ct. Cl. 988, 485 F. 2d 860 (1973). Plaintiff’s suit is barred by limitations.
“(3) The suit by plaintiff for an accounting with respect to the $111,547.44 is without merit because it was pleaded and litigated by the plaintiff and was disposed of by the Indian Claims Commission, in The Mojave Tribe v. United States, 36 Ind. Cl. Comm. 452 (1975), Docket No. 295-A, in Avhich case a-complete accounting.of this fund by the General Services Administration was introduced into evidence, showing that the $111,547.44 was paid into the United States Treasury for the tribe on February 28, 1942, and bore interest at four percent per annum on current balances; and that all of the fund and interest had been paid to and for the. tribe by 1958. Furthermore, the .plaintiff signed a-stipulation in that case agreeing to settle all-claims which ‘were or could be properly asserted’ by .a final -judgment .in favor of the *729 •plaintiff in tbe sum of $550,000. The Commission entered, such a judgment which.provided:
3. This judgment shall finally dispose of all claims and demands which were or could be properly asserted, by plaintiff against defendant in Docket No. 295-A.
“Consequently, plaintiff was furnished an accounting as to the $111,547.44 and interest thereon, agreed to a settlement,, and received a judgment in its favor. The claim is barred, in this court by the doctrine of res judicata.
“it is therefore ordered that defendant’s motion for summary judgment is granted, and plaintiff’s petition is-dismissed.”
• Plaintiff’s motion for relief from order was denied. October 6,1976.