"This case, before the court on defendant’s motion to dismiss for lack of jurisdiction, presents the situation of a serviceman dismissed from the Army upon his conviction for charges which the United States Court of Military Appeals ultimately found unsubstantiated. Plaintiff, having won a reversal of his conviction, sued here for pay lost by reason of his separation from the service and for correction of his military record to expunge all references to his court-martial conviction. Proceedings here were suspended while plaintiff pursued administrative remedies within the Army.
*1010 "The Army Board for Correction of Military Records recommended granting relief to plaintiff for the injustice done to him. The Secretary of the Army, through his delegate, ordered the correction of plaintiffs records to show that he served in an inactive status during the period when his case was under appellate review, that he was recalled to active duty once the charges against him were dismissed, and that he was voluntarily retired for longevity after 20 years of active duty. Plaintiff was offered, and he accepted $75,392.74 as a settlement of money claims resulting from correction of his record. This was active duty pay and allowances, less a setoff. Therefore, plaintiff has no present money claim against the United States, since 10 U.S.C. § 1552(c)(1970) provides in relevant part, 'A claimant’s acceptance of a settlement under this section fully satisfies the claim concerned.’
"Plaintiff no longer contends he has a money claim against the United States, but he complains of the Army’s failure to grant all the relief he requested. Specifically, the Army has not granted his request to expunge from his records all references to his court-martial conviction. It is clear from the record that the Army has granted all the relief recommended by the correction board. Plaintiff insists our precedents require that correction boards not give less than full relief, citing, among others, Denton v. United States, 204 Ct. Cl. 188, 195 (1974), cert. denied, 421 U.S. 963 (1975). The proposition plaintiff states is good law, where applicable, but the principle cited does not apply here where plaintiff has no money claim remaining at the time of judgment. This court’s remand statute, Pub. L. 92-415 (amending 28 U.S.C. § 1491), 86 Stat. 652 (1972), permits this court to order the correction of records only "as an incident of and collateral to any * * * judgment.” But there can be no judgment to which equitable relief such as plaintiff seeks can append unless there is a present money claim against the United States. Such a claim is the sine qua non of this court’s jurisdiction. United States v. Testan, 424 U.S. 392 (1976); United States v. King, 395 U.S. 1 (1969); Austin v. United States, 206 Ct. Cl. 719, cert. denied, 423 U.S. 911 (1975). Lacking jurisdiction, this court must grant defendant’s motion to dismiss.
*1011 "It Is Therefore Ordered, upon the written submissions of the parties, but without oral argument, that defendant’s motion to dismiss is granted and plaintiffs petition is dismissed.”