Plaintiff is a Rural Electric Cooperative. Its debt capital is furnished by the Rural Electrification Administration (REA) of the Department of Agriculture. The loans are made pursuant to contract and are secured by mortgage on plaintiffs property, the United States being the mortgagee. The petition alleges as follows: the REA formed the idea that plaintiffs general manager, Mr. Erie W. McGough was involved in "certain improper and dishonest activities,” that it asserted it had an investigative report, which it would not furnish to plaintiff, and that it relied on the mortgage terms and REA Policy Bulletin No. 114-2 incorporated therein, to hold plaintiff in default under the loan agreements because bond coverage, which the mortgage required of all employees, terminated when plaintiff learned, as it just had, of fraudulent or dishonest acts of an employee. Plaintiff does not make entirely clear what provisions of the mortgage REA relied on, but the court finds in Art. II, Sec. 18 of the mortgage a covenant that plaintiff will remove its manager if REA deems the cooperative not efficiently run and demands such removal; and it requires a corresponding clause in the employment contract of the manager. At any rate, the petition alleges that plaintiff did remove Manager McGough and the United States indicted him for fraudulent and dishonest acts while in plaintiffs employ, but he won an acquittal. He thereupon sued plaintiff in the Florida State courts, which suit by the petition allegations is still pending, but plaintiff has already incurred legal fees of over $10,000, for *639 which it would hold the United States liable. Additional counts allege the United States guilty of bad faith and of applying duress to plaintiff.
Defendant moves to dismiss, the dispositive motion we must decide. The initial ground was that plaintiff sought a declaratory judgment in that the former manager, Mc-Gough, had not yet prevailed in his lawsuit and it was not established he would recover anything. King v. United States, 395 U.S. 1 (1969). This need not detain us long as it is by itself an insufficient ground for the motion. Assuming a breach was shown otherwise, we believe plaintiff would be entitled to more than nominal damages at once, although sound judicial administration would allow of suspending the trial of this case to await the outcome of McGough’s. The claim is not limited to counsel fees. Whether the fees could be added to the damages is an issue we need not address at this time, to come to the conclusion that the petition need not now be dismissed on that ground.
On further thought, defendant revised the grounds of its motion to allege the action sounds in tort. It relies chiefly on Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F. 2d 817 (1974). In that case the plaintiff sought to hold the United States liable because it urged or advocated investment of the bank’s funds in a financially disastrous project operated under the aegis of third parties. Defendant might have cited a more recent case, more closely related to this on its facts: Transcounty Packing Co. v. United States, 215 Ct. Cl. 390, 568 F. 2d 1333 (1978). There defendant awarded a contract to plaintiff, and then refused another. As to the second, it found plaintiff an irresponsible bidder on account of suspected persons being on its payroll. The gravamen of the complaint was that defendant knew just as much about the suspects before the first award as before the second. It should have either refused both contracts, or awarded both, and by taking the first alternative, it would have saved plaintiff some expenses of starting up in business, to no purpose because of the action on the second. We held the claim sounded in tprt.
However, those cases were decided on cross-motions for summary judgment, and the parties had fully developed the facts. Here, on motion to dismiss, we must assume that plaintiff could prove its allegations, which in turn we must construe in the manner most favorable to the claim. Assuming arguendo the case could be stated as a tort claim, *640 there exists a penumbra where cases may be stated in tort or contract at the option of the pleader. Keifer & Keifer v. R.F.C., 306 U.S. 381, 395 (1939). Here plaintiff may be able to show that defendant in demanding the removal of McGough, acted in reliance on an express contract undertaking, and in removing McGough, plaintiff did what it supposed the contract required it to do. Alternatively, under the count alleging lack of good faith (Count II), plaintiff may be able to show defendant did not act in good faith. Under Count III, it may be able to show duress.
Our recent decision, S. A. Healy Co. v. United States, 216 Ct. Cl. 172, 576 F. 2d 299 (1978), may be taken as holding that when the United States exercises a legal right under a contract (there to suspend funding it for a period) it is under an implied obligation to divulge information in its possession which, if known to the other side, may enable it to take necessary action to protect its own interest. We held, citing cases, there was an "implied duty of cooperation and noninterference which is inherent in any contract.” We deem it premature, therefore, to hold on motion to dismiss that plaintiff could not prove facts within its Count I that would sustain the action on an implied contract theory.
Accordingly, on defendant’s motion and on the briefs of the parties, but without oral argument, it is ordered that the motion to dismiss is denied, without prejudice to assertion by defendant that the action should be dismissed as sounding in tort, if such defense can be sustained on summary judgment Or after trial.
Following suspension of proceedings to comply with the pretrial order on liability, a stipulation of dismissal was filed on September 22, 1979, and the petition was dismissed pursuant to Rule 102(a)(ii).