Court of Claims jurisdiction; no present claim for money; declaratory relief. — On January 25, 1980 the court entered the following order:
Kurtis A. Greenley, attorney of record, for plaintiff. Lindquist & Vennum, of counsel.
Betty N. Ferber, with whom was Assistant Attorney General M. Carr Ferguson, for defendant. Theodore D. Peyser and Gilbert W. Rubloff, of counsel.
Before Davis, Judge, Presiding, Kunzig and Bennett, Judges.
This is a suit for collection of a tax informer’s fee for giving information to the Internal Revenue Service. The amended petition alleges that plaintiff had an express oral contract with a duly authorized District Director of Internal Revenue under which plaintiff was to be paid 10% of all additional taxes collected as a result of his investigatory and undercover work in connection with certain individuals said to be evading federal taxes. It is also alleged that plaintiff performed in such capacity and gave much information to the IRS. The amended petition acknowledges, however, that no such additional taxes have yet been collected. Plaintiffs complaint is that the IRS prematurely denied his informer’s claim, and that that claim should be held in abeyance by the IRS until the claim matures through collection of additional taxes.
Defendant has properly moved to dismiss. This court’s jurisdiction is limited to suits for money now owing from the Government. United States v. Testan, 424 U.S. 392, 397-98 (1976). Plaintiff admits that no money is now due him and he does not seek a money judgment. He asks, rather, for a declaratory judgment that the IRS’s denial of his administrative claim was "untimely and premature, and [for] overruling, rescinding and holding in abeyance the purported rejection.” Relief of that character is not within our power. United States v. King, 395 U.S. 1 (1969).
Apparently recognizing that he has no present claim, plaintiff would like proceedings in this case suspended until his claim matures, but the appropriate disposition, since we have no jurisdiction of this case at this time, is to dismiss the petition without prejudice to plaintiffs instituting a new case when and if the conditions of recovery under his alleged contract have been fulfilled. The statute of limitations will not begin to run until he can assert an actual claim for money.
*595 it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.