Court of Claims jurisdiction; pleading and practice; amendment to petition. — On March 7, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
This contract claim is before the court on defendant’s motion to dismiss for lack of jurisdiction. We find plaintiffs petition sets forth a claim for damages within the jurisdiction of this court.
Plaintiff complains that the General Services Administration breached an alleged contract to sell goods to plaintiff. The case was originally filed in the United States District Court for the Northern District of Georgia but was transferred here by order of that court dated October 17, 1979.
*649 In what is apparently a petition substantially the same as the one filed in the district court, plaintiff seeks a temporary restraining order, a permanent injunction, and the release of certain goods to it. Based on these requests, the Government filed the instant motion to dismiss on the ground that plaintiff sought equitable relief this court is without jurisdiction to grant. United States v. King, 395 U.S. 1 (1969); United States v. Jones, 131 U.S. 1 (1889).
Plaintiff has called to our attention, however, the last page of its petition, captioned "Plaintiffs Amendment,” which adds further paragraphs to the petition. Those paragraphs request relief in the form of money damages. This last page, though titled as an amendment, was filed November 19, 1979, as the last page of the petition originally filed in this court. According to the record sent from the district court, the amendment was added on October 17,1979, the same day the consent order was issued by the district court transferring the case here. Apparently, the amendment stating a money claim was added in expectation of the case coming here. According to its reply brief, defendant may have inadvertently overlooked this last page of the petition when it examined the document (before moving to dismiss on jurisdictional grounds). Defendant now concedes that if we accept the "amendment” page as part of the petition, in spite of its unusual placement out of the running text of the petition, defendant’s motion to dismiss should be denied.
Admittedly, it is somewhat inartful draftsmanship to conform a district court petition to the requirements of our jurisdiction merely by adding a page to the end of that petition, and plaintiffs counsel is cautioned against future use of this rather unorthodox organization of a pleading. Nonetheless, we hold that the document filed here suffices to set forth a claim for money damages based on a contract with the Government, the kind of case we are empowered to hear. 28 U.S.C. § 1491 (1976); see Rule 21. Moreover, plaintiff has agreed to dismissal of its claims for injunctive and equitable relief while pressing its claim for money damages. See Rule 32(a)(2).
Accordingly, it is therefore ordered, after consideration of the parties’ submissions but without oral argument, that *650 defendant’s motion to dismiss is denied in part and granted in part. Plaintiffs claims for equitable relief are dismissed. The remaining claim is remanded to the trial division for further proceedings.[1]

 Our ruling on the pending motion should not be read as a definitive assumption of jurisdiction by the court against any further jurisdictional defenses which might be raised at a later date. Only minimal facts are before the court, and without further information we are unable to determine whether there may be further jurisdictional obstacles to this cause.