Military pay; Coast Guard officer’s request for voluntary retirement; service creditable; denial of request; Court of Claims lack of jurisdiction. — On May 23, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Smith, Judges.
This case is before the court on plaintiffs motion for judgment on the pleadings and defendant’s cross-motion for summary judgment. For the reasons discussed below, defendant’s cross-motion is granted. Plaintiff is allowed leave to file, within 30 days of this date, a motion requesting the court to transfer the case to an appropriate district court. If a motion is not filed within the 30 days, the petition will be dismissed.
Since plaintiffs graduation from the United States Coast Guard Academy on June 7, 1961, he has served on active duty as a Regular commissioned officer of the Coast Guard. His current rank is commander. On July 2, 1979, he submitted a request for voluntary retirement to the Com *654 mandant of the Coast Guard. He based his request on 14 U.S.C. § 291 (1976), which provides:
Any regular commissioned officer who has completed twenty years’ active service in the Coast Guard, Navy, Army, Air Force, or Marine Corps, or the Reserve components thereof, including active duty for training, at least ten years of which shall have been active commissioned service, may, upon his own application, in the discretion of the President, be retired from active service, with retired pay of the grade with which retired.
In his application for voluntary retirement, plaintiff asserted that his 4 years at the Coast Guard Academy are creditable, for purposes of section 291, as active service. The Commandant denied his request. The sole stated ground for the denial was that plaintiff lacked 20 years of active service because, in the view of the Commandant, his 4 years at the Coast Guard Academy are not creditable as active service under section 291.
In this action, filed August 1, 1979, plaintiff seeks (1) a determination of his appropriate active duty or retirement status and (2) retirement pay from August 1, 1979, the date as of which he requested his retirement to be effective. Defendant asserts that the court lacks jurisdiction to entertain the action. Defendant argues that the court is powerless to award monetary relief to plaintiff because he has continued to serve on active duty since August 1, 1979, and has received pay for this period which is more than double the amount which he would have received had his request for retirement been granted.[1]
The jurisdictional obstacle pointed to by defendant is, in our view, too high for plaintiff to hurdle. Even if we were to decide that the Commandant’s denial of plaintiffs request for retirement is an abuse of discretion caused by the Commandant’s misinterpretation of the statutory provisions which determine the amount of active service creditable for purposes of section 291, there is no money presently due from the United States and we would be unable to award monetary relief to plaintiff. Section 291 does not mandate monetary relief for such an abuse of discretion *655 where the officer requesting retirement remains, after his request is denied erroneously, on active duty and receives compensation in excess of what his retirement pay would have been. In other words, section 291 does not waive, with respect to any damage suffered by the officer because of the erroneous denial of his request for retirement, the Government’s sovereign immunity.[2]
The collateral relief sought by plaintiff can only be granted by this court as an incident to and collateral to a money judgment. Because section 291 does not make monetary relief available to plaintiff, plaintiffs action in this court boils down to a request for a declaratory judgment that his 4 years at the Coast Guard Academy count, for purposes of section 291, as active service. We lack jurisdiction to render such a declaratory judgment. United States v. Testan, 424 U.S. 392 (1976); United States v. King, 395 U.S. 1 (1969); Jankovic v. United States, 204 Ct. Cl. 807 (1974).
Hence, plaintiffs motion for judgment on the pleadings is denied. Defendant’s motion for summary judgment is granted; however, plaintiff is allowed leave to file, within 30 days of this date, a motion requesting the court to transfer the case, pursuant to 28 U.S.C. § 1506 (1976), to an appropriate district court. If a motion is not filed within the 30 days, the petition will be dismissed.
On June 13, 1980 plaintiff moved to transfer this case to an appropriate district court, and on July 18,1980 the court transferred the case including the court’s record to the U.S. District Court for the Southern District of Florida.

 Had the request been granted, his retirement pay would have been 45 percent of his basic active duty pay.

 Nothing in the text of section 291 indicates that the Government’s sovereign immunity is waived in these circumstances. Nothing in the legislative history of the section, e.g.. S. REP. NO. 475, 88th Cong., 1st Sess. (1963), indicates that the section is intended to waive the Government’s sovereign immunity in these circumstances.