### Ira T. MacDONALD

v.

### The UNITED STATES.

### No. 552–82C.

United States Claims Court.

Feb. 24, 1983.

Ira T. MacDonald, pro se.

Donnie Hoover, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

PHILIP R. MILLER, Judge:

Plaintiff's petition filed October 28, 1982, alleges that in May 1982, he was wrongfully

---

1. *See* and *cf. Indian Head Natl. Bank of Nashua v. Brunelle*, 689 F.2d 245 (1st Cir.1982) for a decision also involving Rule 60.

denied employment with the U.S. Information Agency's Voice of America because the Air Force furnished the Agency erroneous medical records with respect to plaintiff which had been voided by the Secretary of the Air Force and ordered destroyed.

The complaint asked for judgment (1) that all such Air Force records be returned to the Air Force for correct disposition; and (2) that his name be placed at the top of the list of candidates eligible for employment by the Voice of America as a radio broadcast engineer and electronics technician.

On January 31, 1983, defendant moved to dismiss on the ground that this court lacks jurisdiction to grant the relief requested by plaintiff in that the complaint does not seek a money judgment against the United States and that the failure of the United States to appoint him to the position he seeks does not entitle him to a money judgment. Defendant is correct. *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *United States v. Testan,* 424 U.S. 392, 407, 96 S.Ct. 948, 957, 47 L.Ed.2d 114 (1976); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 372 F.2d 1002 (1967).

In response to the motion, on February 7, 1983, plaintiff filed a new petition alleging that his discharge from the Air Force for psychiatric and other medical reasons in 1959 was erroneous and illegal. Plaintiff requested judgment restoring him to prior official status as a commissioned officer with pay from June 17, 1957, to date.

The new petition is equally unavailing because:

(1) it is barred by the 6-year statute of limitations applicable to such actions. 28 U.S.C. §§ 2401, 2501; and

(2) the same claim was the subject of a previous petition dismissed by order of the Court of Claims filed April 19, 1974, *MacDonald v. United States,* No. 477–73.

Accordingly, defendant's motion to dismiss is allowed and the clerk is directed to enter judgment dismissing plaintiff's petition.