LANCE, Judge,
concurring:
I fully concur with the conclusion reached by the majority that the appellants’ appeals must be dismissed because their respective NOAs were not timely received by the Court, and in the reasoning supporting its holding that the common law mailbox rule does not apply to 38 U.S.C. § 7266. However, I write separately because I do not believe that equitable tolling of the judicial-appeal period is permissible under these facts. To do so would overstep our role as a Court and violate the recognized separation of legislative and judicial power.
Under certain circumstances, equitable tolling of the 120-day judicial appeal period in 38 U.S.C. § 7266(a) may be appropriate. See Arbas, 403 F.3d. at 1381 (holding that equitable tolling of 120-day filing period may be justified if veteran shows that failure to file timely was direct result of physical illness); Barrett, 363 F.3d at 1321 (holding that equitable tolling of 120-day filing period may be justified if veteran shows that failure to file timely was direct result of mental illness); Bailey, 160 F.3d at 1364 (holding that equitable tolling of 120-day filing period may be warranted where VA misled or induced claimant into missing filing deadline); McCreary, 19 Vet.App. at 330 (holding that extraordinary circumstances can trigger consideration of the principles of equitable tolling). However, I believe Congress has expressly considered and rejected application of the common law mailbox rule to the filing of NOAs with the Court and, therefore, we cannot exercise our equitable powers to overrule an intentional decision of Congress. To that end, I note that the Supreme Court in Irwin, stated, in pertinent part:
A waiver of sovereign immunity “cannot be implied but must be unequivocally expressed.” United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Once Congress has made such a waiver, we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so.
*119 498 U.S. at 95-96, 111 S.Ct. 453 (emphasis added). In short, the U.S. Supreme Court recognized in Irwin that equitable tolling would not apply in the face of contrary Congressional intent. In other words, the equitable powers of the Court may be used to address all of the unique and unforeseeable fact patterns that the legislature could not possibly take the time to contemplate when writing legislation. However, in this case we have concluded that Congress has explicitly considered and consciously chosen a postmark rule for this Court. Hence, it would be inappropriate to apply principles of equitable tolling to subvert Congressional choice and intent. For this reason, I believe that the appellants’ equitable tolling argument must be rejected on the grounds that it would amount to a reversal of an intentional decision of Congress, which Irwin recognizes as inappropriate.