**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL LYNN GABRIEL, | No. 12-15730 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00497-LRH-VPC |
| v. | |
| GENERAL SERVICES ADMINISTRATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: FARRIS, BLACK[**], and IKUTA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Michael Gabriel appeals from the district court's dismissal of Gabriel's action against the General Services Administration for lack of subject matter jurisdiction and improper venue. We have jurisdiction under 28 U.S.C. § 1291.

The district court lacks subject matter jurisdiction. The United States is immune from suit unless it has expressly waived its sovereign immunity by consenting to be sued; "the existence of such consent is a prerequisite for jurisdiction." *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008) (internal quotations omitted). Gabriel argues that the Administrative Procedures Act contains the necessary waiver of sovereign immunity. The Administrative Procedures Act only waives the sovereign immunity of the United States if the "claims do not seek relief expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998).

Gabriel seeks declaratory and injunctive relief from the General Services Administration that is impliedly forbidden by the Tucker Act, 28 U.S.C. § 1491(a)(1), and there is consequently no waiver of sovereign immunity. This Act only allows money damages for claims against the United States founded upon express or implied contracts. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir.1985) (quoting 28 U.S.C. § 1491(a)(1)). This limitation (that only money damages are allowed for contract claims against the government) "'impliedly

2

forbids declaratory and injunctive relief and precludes a § 702 waiver of sovereign immunity." *Tucson Airport Auth.*, 136 F.3d at 645 (internal quotation marks omitted). We look at two factors to determine whether Gabriel's action is founded upon a contract for the purposes of the Tucker Act: "'the source of the rights upon which the plaintiff bases its claims, and . . . the type of relief sought (or appropriate).'" *Doe v. Tenet*, 329 F.3d 1135, 1141 (9th Cir. 2003) overruled on other grounds *Tenet v. Doe*, 544 U.S. 1 (2005) (quoting *Megapulse v. Lewis*, 672 F.2d 959, 968 (D.C. Cir. 1982)).

Gabriel's source of rights stems from a potential contract with the GSA. The accompanying documents to the government's notice of bidding for the lighthouses state that acceptance of the bid will create a contractual agreement between the successful bidder and the GSA. Gabriel attempts to enforce contractual rights that would follow from an accepted bid. His complaint seeks injunctive and declaratory relief that will require the GSA to sell him the lighthouses. This is just another name for specific performance; the natural inference follows that a contractual remedy indicates a contractually-based set of claims. *Tucson Airport*, 136 F.3d at 647. The action is contractually based and falls within the scope of the Tucker Act.

Under the Little Tucker Act, 28 U.S.C. § 1346(a)(2) district courts have concurrent jurisdiction with the Court of Federal Claims for actions claiming less

than $10,000. *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1484 (9th Cir. 1985). Gabriel argues that the district court has concurrent jurisdiction since he has not sought any money damages. We have held that "parties may waive their right to receive more than $10,000" and thus allow a district court to retain jurisdiction under the Little Tucker Act. *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 986 (9th Cir. 2006). The district court would retain concurrent jurisdiction as Gabriel has waived his right to receive money damages over $10,000, but because we conclude that the district court lacked subject matter jurisdiction, this conclusion is of no help to Gabriel.

Gabriel argues five additional grounds for subject matter jurisdiction: the Fair Housing Act, (42 U.S.C. § 3613), the National Historic Lighthouse Preservation Act (16 U.S.C § 470w-7), the federal question statute, (28 U.S.C. § 1331), the Civil Rights Act (42 U.S.C. § 1981 and 42 U.S.C. § 1985) and the Declaratory Judgment Act (28 U.S.C. § 2201). None has merit. Neither the Fair Housing Act nor the National Historic Lighthouse Preservation Act contain the required "unequivocal expression" that is necessary for an intentional congressional waiver of sovereign immunity. *United States v. King*, 395 U.S. 1, 4 (1969). Further, we have consistently held that § 1331 "does not waive the government's sovereign immunity from suit." *Holloman v. Watt*, 708 F.2d 1399,

1401 (9th Cir.1983). Civil Rights statutes, such as 42 U.S.C. §-§ 1981, 1985, do not waive the federal government's own sovereign immunity. *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). The Declaratory Judgment Act "does not constitute an independent basis for jurisdiction." *Morongo Band of Mission Indians v. Calif. State Bd. Of Equalization*, 858 F.2d 1376, 1382-83 (9th Cir. 1988). The record satisfies us that the district court lacks subject matter jurisdiction over Gabriel's claims.

Because we affirm the district court on the ground that it lacked subject matter jurisdiction, we need not address its venue holding. If we did address it, however, venue was improper in Nevada. A civil action may be brought against an agency of the United States "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C.A. § 1391 (e)(1). Gabriel argues that his residence in Nevada at the time of filing made venue appropriate in that location under § 1391(e)(1)(C). This provision only applies if real property is not involved in the action.

Real property includes "land and anything grown on, attached to, or erected on it, excluding anything that may be severed without injury to the land." *Black's*

5

*Law Dictionary* 1255 (8th ed. 2004). Lighthouses qualify as permanent structures under this definition; the proposed terms of sale by the GSA include historic preservation covenants that require the buyer to carefully maintain the lighthouse's permanent structure. Lighthouses constitute "real property" for the purposes of the venue statute. Neither of the lighthouses in this action were located in Nevada. None of the three available grounds for venue under § 1391(e)(1) apply.

**AFFIRMED.**