Elvin **TORRES–ESTRADA**, Plaintiff,

v.

**Ramon M. GARCIA–GARCIA, et al.**, Defendants.

**Civil No. 14–1829 (FAB).**

United States District Court, D. Puerto Rico.

Signed April 8, 2015.

Lydia Lizarribar–Buxo, Lizarribar Masini Law Office, San Juan, PR, for Plaintiff.

Fidel A. Sevillano–Del–Rio, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is the United States' motion to quash a Commonwealth court subpoena issued to Timothy Henwood in his official capacity as an Assistant United States Attorney by the plaintiff in a Commonwealth court civil case. (Docket No. 10.) For the reasons set forth below, the Court **GRANTS** the motion and **QUASHES** the subpoena.

## BACKGROUND

Plaintiff Elvin Torres–Estrada ("Torres") is suing his former attorney, Ramon M. Garcia–Garcia ("Garcia"), for breach of contract and damages in Commonwealth court. (Docket No. 10 at p. 1.) Garcia represented Torres in this court in Criminal Case Nos. 09–173(PG) and 11–045(PG). *Id.* On June 3, 2013, in the course of the Commonwealth court proceedings, Torres issued a deposition notice upon Assistant United States Attorney Timothy Henwood ("AUSA Henwood"), one of the prosecutors in the two criminal cases against him. (Docket No. 10–1.) On July 17, 2013, now retired Assistant United States Attorney Isabel Muñoz–Acosta ("AUSA Muñoz") wrote a letter to Torres's attorney in response to the deposition notice, informing her that "[t]he Department of Justice [ ("DOJ") ] has not authorized the appearance of AUSA Henwood to this deposition" and, therefore, "his appearance must be excused." The letter clearly informed Torres' attorney of the regulations promulgated by the DOJ which establish the procedure for disclosure of testimony by DOJ officials like AUSA Henwood. (Docket No. 10–2 at p. 1.)

On October 17, 2013, a full three months after AUSA Muñoz's letter to Torres' attorney, the Commonwealth court issued a notice and summons for AUSA Henwood

to appear for his deposition on October 25, 2013. (Docket No. 10–3 at pp. 6–8.) Torres then served a second deposition notice upon AUSA Henwood, this time delineating specific questions to be asked and topics to be covered. *Id.* at pp. 1–5. On October 22, 2013, the United States, a nonparty in the Commonwealth court case, moved to vacate the summons and to excuse AUSA Henwood's appearance at his deposition, setting forth the specific legal reasons supporting its request. (Docket No. 10–4.) In response, Torres requested that the Commonwealth court order the taking of AUSA Henwood's deposition and impose sanctions upon the United States Attorney's Office. (Docket No. 10–5.)

On September 9, 2014, the Commonwealth court held a status conference on the deposition issue. (Docket No. 10–6.) At the conference, Torres maintained that he had complied with the procedural requirements for obtaining AUSA Henwood's testimony, as set forth by the Code of Federal Regulations.[1] *Id.* at p. 3. Assistant United States Attorney Fidel Sevillano–Del Rio ("AUSA Sevillano Del Rio"), appearing on AUSA Henwood's behalf, opposed Torres's arguments and suggested that the case be removed to federal court. *Id.* at p. 2. Because Garcia did not appear at the hearing, the Commonwealth court ordered him to provide notice of his intent to call AUSA Henwood as a witness and to show compliance with the administrative process for requesting the DOJ's permission to do so. *See id.* at p. 4.

On October 14, 2014, Garcia gave notice of his interest in having AUSA Henwood serve as a witness in the Commonwealth court case and sought additional time to show administrative compliance. (Docket No. 10–7.) On November 4, 2014, pursuant to the Commonwealth court's directive, Garcia's attorney wrote to the United States Attorney's Office to "provide notice that [AUSA] Henwood ha[d] been designated as a potential witness," and to comply with the Code of Federal Regulations' procedural requirements for obtaining AUSA Henwood's testimony. (Docket No. 10–8 at p. 3.)[2]

On November 14, 2014, the United States removed the proceedings related to AUSA Henwood's subpoena to this Court pursuant to 28 U.S.C. § 1442 for the limited purpose of moving to quash the subpoena issued by the Commonwealth Court. (Docket No. 1.) On January 21, 2015, the United States filed its motion to quash. (Docket No. 10.) The United States' motion remains unopposed.

## DISCUSSION

The United States urges the Court to quash a the Commonwealth court-issued deposition subpoena that would require AUSA Henwood to testify in a state civil proceeding as to matters concerning his work as a federal prosecutor. (Docket No. 10.) The United States argues that, without a waiver, the doctrine of sovereign immunity prohibits any court, state or federal, from compelling an employee of the United States to comply with a state court subpoena. *See id.* at pp. 2–3. Moreover, relying on *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951), the United States argues that the United States Attorney's decision to refuse AUSA Henwood permission to testify was a valid agency decision and may only be challenged in an action pursuant to the Administrative Procedure Act, 5

---

1. They had not, as will be explained below.

2. As is shown below, this notification did not comply with the procedure to challenge the United States Attorney's decision not to allow AUSA Henwood to appear at the deposition.

U.S.C. § 701 *et seq. See id.* at pp. 6–9. The Court agrees with the United States and addresses these related arguments in turn.

■ "[A]s the sovereign, the United States is immune from suit without its consent." *Muirhead v. Mecham,* 427 F.3d 14, 17 (1st Cir.2005). "That consent usually takes the form of an express waiver of its sovereign immunity." *Id.* A waiver of sovereign immunity " 'must be unequivocally expressed.' " *Id.* (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). Absent an applicable waiver, courts lack jurisdiction to entertain claims against the United States. *Id.* Thus, the Court must determine whether this case—which does not involve the government's ability to be sued, but rather a federal court's ability to compel a non-party government official, AUSA Henwood, to produce evidence, in the form of deposition testimony—implicates sovereign immunity, and, if so, whether the government has waived its sovereign immunity.

■ A suit nominally aimed at a government official will be considered one against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or *to compel it to act."* *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (emphasis added) (internal citations and quotation marks omitted). "Even though the government is not a party to the underlying action, the nature of the subpoena proceeding against a federal employee to compel him to testify about information obtained in his official capacity is inherently that of an action against the United States." *Boron Oil Co. v. Downie,* 873 F.2d 67, 70–71 (4th Cir. 1989). A subpoena served on a federal official acting within the scope of his delegated authority, therefore, is an action against the United States, subject to governmental privilege of immunity. *See Commonwealth of Puerto Rico v. United States,* 490 F.3d 50, 57, 61 n. 6 (1st Cir. 2007).

Torres seeks AUSA Henwood's testimony in a civil Commonwealth court case against his former criminal defense attorney because of knowledge AUSA Henwood acquired in the course of his official duties as a federal prosecutor. *See* Docket No. 10–3. The Court finds that the Commonwealth court's subpoena proceeding against AUSA Henwood is inherently an action against the United States and thus implicates sovereign immunity. Indeed, federal courts have applied the doctrine of sovereign immunity in situations analogous to this case. *See Boron Oil,* 873 F.2d at 71 (listing cases); *see also Smith v. Cromer,* 159 F.3d 875, 879 (4th Cir.1998) (same). Without addressing the issue directly, the First Circuit Court of Appeals has noted that "where a subpoena is issued to a nonparty federal government agency in conjunction with litigation in state court, the state court may not enforce the subpoena against the federal government due to federal sovereign immunity." *Puerto Rico,* 490 F.3d at 61 n. 6. Sovereign immunity, therefore, prohibits the Commonwealth court from enforcing the subpoena against AUSA Henwood.

■ When a federal officer removes a case to federal court pursuant to 28 U.S.C. § 1442, as happened in this case, the federal court's jurisdiction is derivative of the state court's jurisdiction. *See Arizona v. Manypenny,* 451 U.S. 232, 241–43, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981); *accord Cromer,* 159 F.3d at 879 ("[W]here the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though in a like suit originally brought in

federal court, the court would have had jurisdiction."). Indeed, federal courts have consistently held that they lack jurisdiction to enforce a subpoena in cases where the government has removed the subpoena proceedings to federal court. *See Puerto Rico,* 490 F.3d at 61 n. 6 (listing cases); *cf. Edwards v. U.S. Dep't. of Justice,* 43 F.3d 312, 316 (7th Cir.1994) ("[I]f the state court lacks the jurisdiction to enforce the subpoenas, the district court will be in no better position than the state court in enforcing the subpoenas once the case is removed to federal court."); *Demers v. Buonanno,* Civ. No. 12–676(ML), 2012 WL 5930223, at *5 (D.R.I. Nov. 2, 2012), *report and recommendation adopted,* 2012 WL 5940568 (D.R.I. Nov. 27, 2012) ("The subpoena power of a federal court cannot be more extensive than its jurisdiction.... [T]he federal court cannot wield equitable or inherent power when it lacks jurisdiction to enforce a state court subpoena in the first place."). Thus, because the Commonwealth court is without jurisdiction to enforce a subpoena against AUSA Henwood, this Court is also without jurisdiction to enforce it, upon removal.

Having determined that sovereign immunity divests the Commonwealth court (and this Court after removal) of jurisdiction to enforce the subpoena against AUSA Henwood, the Court must determine whether the government has waived

its sovereign immunity. In its motion, the United States maintains that it has not. (Docket No. 10 at p. 4.) In enacting the Administrative Procedure Act ("APA"), however, Congress waived sovereign immunity with respect to those "action[s] in a court of the United States" which seek review of agency action. 5 U.S.C. § 702.[3] The APA thus creates a right of judicial review to challenge actions by federal agencies and their employers in federal court. The question is whether the APA's sovereign immunity waiver applies in this case.

Traditionally, to obtain information from a non-party federal agency in a state court action, "a state-court litigant must request the documents from the federal agency pursuant to the agency's regulations." *Puerto Rico,* 490 F.3d at 61 n. 6 (quoting *Houston Bus. Journal, Inc. v. Office of Comptroller of Currency, U.S. Dep't. of Treasury,* 86 F.3d 1208, 1212 (D.C.Cir.1996)). The Housekeeping Act, 5 U.S.C. § 301, permits federal agencies to promulgate regulations establishing conditions for the disclosure of information. *Puerto Rico,* 490 F.3d at 61.[4] The Supreme Court reaffirmed the authority for those regulations in *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951). *See Cabral v. U.S. Dep't. of Justice,* 587 F.3d 13, 22 (1st Cir.2009).[5] If the agency refuses, as the

---

**3.** Section 702's waiver provides: "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party." 5 U.S.C. § 702.

**4.** Specifically, the Housekeeping Act permits the head of a federal agency to "prescribe regulations [governing] his department, the

conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers and property." 5 U.S.C. § 301.

**5.** In *Touhy,* a special agent of the Federal Bureau of Investigation ("FBI") was served a subpoena *duces tecum* ordering the production of certain documents during the course of a federal *habeas corpus* proceeding. 340 U.S. at 463–64, 71 S.Ct. 416. The FBI agent refused to obey the subpoena, citing a DOJ regulation issued by the Attorney General pursuant to 5 U.S.C. § 22 (the statutory pre-

United States Attorney's Office did in this case, "the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Houston*, 86 F.3d at 1212; *see also Puerto Rico*, 490 F.3d at 58 ("In prior cases involving subpoenas issued by state entities, courts have held that the party requesting the subpoena must proceed under the APA.").

As the United States points out, the DOJ has adopted *Touhy* regulations pursuant to 5 U.S.C. § 301, restricting the ability of department employees to produce documents. (Docket No. 10 at p. 7.) The regulations governing the disclosure of information by DOJ employees or agents are set forth at 28 C.F.R. § 16.21 *et seq.* *See* Docket No. 10–9. These regulations generally prohibit current and former DOJ employees from producing or disclosing information acquired as part of their official duties "without prior approval of the proper Department official." 28 C.F.R. § 16.22(a). Where oral testimony is sought, the requesting party must submit an affidavit or statement "setting forth a summary of the testimony sought and its relevance to the proceeding" to the responsible United States Attorney. *Id.* § 16.22(c).

 The record indicates that, at the very least, Torres attempted to follow the DOJ's regulations in seeking AUSA Henwood's testimony. For example, Torres served numerous deposition notices upon AUSA Henwood, including one detailing specific questions to be asked and topics to be covered. *See* Docket No. 10–3 at pp. 1–

5. Still, even assuming that he satisfied the DOJ's affidavit requirement through his subpoena notices, Torres did not file an APA action with the Court to challenge the DOJ's refusal.[6] Instead, the United States, seeking to quash the subpoena against AUSA Henwood, removed the case to this Court pursuant to 28 U.S.C. § 1442 for this Court to decide the discovery issue. (Docket No. 1.) Accordingly, because the party who sought and was denied the deposition testimony of a federal agency employee has failed to file an action in this Court seeking relief, the APA's waiver of sovereign immunity is inapplicable.

Absent an applicable waiver of sovereign immunity, the Commonwealth court subpoena compelling the deposition of AUSA Henwood must be, and is, **QUASHED.**

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the United States' motion to quash, (Docket No. 10), **QUASHES** the subpoena, and remands this case to the Commonwealth court to continue proceedings consistent with this order.

**IT IS SO ORDERED.**

___

decessor of 5 U.S.C. § 301), and was found guilty of contempt. *See id.* at 463–65, 71 S.Ct. 416. The United States Supreme Court held that the Attorney General could validly withdraw from his subordinates the power to release department papers, and that the subordinates could properly refuse to produce the papers. *Id.* at 467–68, 71 S.Ct. 416.

**6.** Indeed, Torres did not even oppose the United States' motion to quash. Alas, to the extent Torres disagrees with the DOJ's decision to deny his request for AUSA Henwood's deposition testimony, his remedy for the agency's actions, if any, is to file an APA action in federal court.