# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52504-6-II |
| Respondent, | |
| v. | |
| RACHEAL MANELLE STAR CRETTOL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Rachael Crettol appeals from her conviction for unlawful possession of a controlled substance—methamphetamine. Police officers responded to a civilian report of a person passed out in a car. The officers, believing that the person, Crettol, may have overdosed on drugs, opened the car door. One of the officers noticed plastic "baggies," one of which had white residue, hanging out of Crettol's jacket pocket. Crettol stirred upon the car door being opened, refused to show the officers the contents of the baggies and shoved them further into her pocket. The officers removed Crettol from the car and handcuffed her. Upon handcuffing her, the officers immediately searched her pocket and seized the baggies. After seizing the baggies, the officers arrested her.

The State charged Crettol with unlawful possession of a controlled substance—methamphetamine. Crettol filed a motion to suppress the evidence taken from her pocket, arguing that (1) the removal of the baggies from her pocket was an illegal warrantless search, and (2) because she was suffering from a drug-related overdose when the evidence was obtained,

RCW 69.50.315(2)[1] prohibited her prosecution for unlawful possession. The trial court found that the search of Crettol's pocket was proper under *Terry v. Ohio*, 395 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). The court denied her motion to suppress on both grounds and found her guilty after a trial on stipulation of facts.

Crettol appeals, arguing that the trial court erred in denying her motion to suppress on both grounds. The State concedes that the search of Crettol's pocket exceeded the permissible scope of a warrantless *Terry* stop, so the trial court erred in denying her motion to suppress on that ground. *State v. Belieu*, 112 Wn.2d 587, 602, 773 P.2d 46 (1989). The only issue here is whether the search of Crettol's pocket, and seizure of the baggies was justified under *Terry*; the State agrees that no other exception applies.

We accept the State's concession and reverse Crettol's conviction. An officer making a lawful *Terry* stop has no general authorization to search that person. *State v. Russell*, 180 Wn.2d 860, 867, 330 P.3d 151 (2014). An officer may frisk only if he or she had reasonable grounds to believe that the person is armed and dangerous. *Russell*, 180 Wn.2d at 867. And the scope of the frisk is limited to protective purposes, generally a pat down of the outer clothing to see if the person is armed. *State v. Hudson*, 124 Wn.2d 107, 112, 874 P.2d 160 (1994). Finally, the purpose of the frisk cannot be to search for evidence of a crime. *Hudson*, 124 Wn.2d at 112. Here, the court made no finding that the officers believed Crettol was armed and

---

[1] RCW 69.50.315(2) provides:

A person who experiences a drug-related overdose and is in need of medical assistance shall not be charged or prosecuted for possession of a controlled substance pursuant to RCW 69.50.4013, or penalized under RCW 69.50.4014, if the evidence for the charge of possession of a controlled substance was obtained as a result of the overdose and the need for medical assistance.

No. 52504-6-II

dangerous. Therefore, *Terry* did not authorize them to frisk her, much less to search her and seize evidence of a crime.

We reverse Crettol's conviction and remand to the trial court to dismiss.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Lee, J.

---

[2] The State does not concede that the trial court erred in not denying Crettol's motion to suppress under RCW 69.50.315. Because we reverse Crettol's conviction on the first ground, we decline to address this second ground.