NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JUSTIN PAUL DREILING,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-2292

_____

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00223-SSS, Judge Stephen S. Schwartz.

_____

Decided: March 16, 2023

_____

JUSTIN PAUL DREILING, Lumber Bridge, NC, pro se.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE; SETH I. HELLER, Office of the Chief Counsel, United States Food and Drug Administration, Silver Spring, MD.

_____

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

MOORE, *Chief Judge*.

Staff Sergeant Justin Paul Dreiling appeals a decision of the United States Court of Federal Claims dismissing for lack of jurisdiction his claim for an injunction directing the Food and Drug Administration to disclose information about the COVID-19 vaccines. For the following reasons, we *affirm*.

## BACKGROUND

SSG Dreiling filed a claim in the Court of Federal Claims alleging the FDA was violating 21 C.F.R. § 601.51(e) by not releasing accurate and complete information on the COVID-19 vaccines. Appx. 5–7. SSG Dreiling alleged he could not make a well-informed decision about whether to be vaccinated without the information and thus remained unvaccinated pending his requests for more complete disclosures. *Id.* He further alleged this put him at risk of involuntary separation and caused him irreparable harm. *Id.* SSG Dreiling requested the Court of Federal Claims grant him injunctive relief by ordering the FDA to immediately release the required data. Appx. 8. The government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Appx. 9–17. The Court of Federal Claims granted the motion to dismiss for lack of jurisdiction because 21 C.F.R. § 601.51(e) is not money mandating. Appx. 2–3. SSG Dreiling appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Court of Federal Claims' jurisdiction under the Tucker Act is limited to cases involving a money-mandating statute or agency regulation. *See* 28 U.S.C. § 1491(a)(1); *United States v. King*, 395 U.S. 1, 2–3 (1969); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). We review decisions to dismiss a

complaint for lack of subject matter jurisdiction de novo. *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021).

SSG Dreiling does not allege 21 C.F.R. § 601.51(e) is money mandating but argues the Court of Federal Claims' jurisdiction is not limited to monetary claims. SSG Dreiling argues the plain language of 28 U.S.C. § 1491(a)(1) gives the Court of Federal Claims jurisdiction over equitable claims in addition to monetary claims. This argument is based on SSG Dreiling's belief that the Supreme Court has, for nearly a century and a half, misunderstood its own precedent in *United States v. Jones*, 131 U.S. 1 (1889) and wrongly interpreted the Court of Federal Claims jurisdictional statute.

The Supreme Court has repeatedly held the Court of Federal Claims' jurisdiction is limited to monetary claims against the government. *See, e.g.*, *Jones*, 131 U.S. at 19; *King*, 395 U.S. at 2–3; *United States v. Testan*, 424 U.S. 392, 400–02 (1976); *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). SSG Dreiling argues that *Jones* does not hold that the court lacks jurisdiction over equitable claims but only that it lacks jurisdiction to enforce the relief of equitable claims. This argument is unavailing. *Jones* expressly addressed whether the jurisdictional statute "authorize[d] suits of the kind like the present, which are brought, not for the recovery of money, but for equitable relief." *Jones*, 131 U.S. at 14. It answered that question in the negative. *Id.* at 18–20. Lest there was any doubt, the Supreme Court's subsequent case law has made clear that the Court of Federal Claims' jurisdiction has always "been limited to money claims against the United States Government" and does not include claims for equitable relief. *King*, 395 U.S. at 2–3.

The Supreme Court's interpretation is binding. The Court of Federal Claims therefore did not err in holding it

lacked jurisdiction to hear SSG Dreiling's claim.  We *affirm*.

## AFFIRMED

Costs

No costs.