**James A. BAILEY**

v.

**The UNITED STATES.**

**No. 230–80C.**

United States Claims Court.

Aug. 3, 1983.

---

John A. Everhard, Falls Church, Va., for plaintiff.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

HARRY E. WOOD, Judge.

This case comes before the court at this time on plaintiff's motion for "an order directing the Secretary of the Air Force to comply with the judgment [of the United States Court of Claims] entered on March 19, 1982 on the ground that the Secretary has failed to comply with the court order * * *"[1]

Defendant opposes the motion, asserting that this court lacks jurisdiction to grant the relief requested, but that, in any event, there has been full compliance with the judgment of the Court of Claims. Plaintiff has neither timely responded to defendant's said objections, nor sought any additional time within to do so.

By way of background, plaintiff was released from active duty as an Air Force Reserve officer June 30, 1975, as a result of two failures of selection for promotion to the temporary grade of major. On March 19, 1982, in accordance with a stipulation for entry of judgment, the Court of Claims entered judgment for plaintiff of fifty six thousand, two hundred twenty nine dollars and thirty five cents ($56,229.35). As the parties had stipulated it should, the Court of Claims further ordered and directed that the Secretary of the Air Force reinstate plaintiff to active duty in the grade of captain, and that plaintiff's Air Force records be corrected to show (a) that he had served continuously on active duty in the grade of captain from July 1, 1975, to the date of his reinstatement in the grade of captain, (b) the voiding of his nonselections in 1973 and 1974 for promotion to the temporary grade of major, and (c) "the placement in plaintiff's records of nonprejudicial language explaining the gap in his ratings as an officer."

From the papers presently before the court, there is no question but that the "reinstatement" and "voiding" components of the Court of Claims judgment have been completely satisfied. The papers presently before the court also reflect that plaintiff's records have been corrected by the placement therein of a statement respecting the "gap in his ratings as an officer". The present controversy relates to the content of the statement presently in his records.

---

1. A prior decision in this case denying an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Supp. V 1981), *Bailey v. United States,* 1 Cl.Ct. 69 (1983) *is pending on appeal before the United States Court of Appeals for the Federal Circuit.*

Initially, plaintiff's records were corrected by the placement therein of a statement substantially as follows:[2]

No report available for the period ___ through ___. Officer restored to active duty by direction of the Secretary of the Air Force in compliance with The United States Court of Claims decision * * * dated 19 Mar 82 under authority of 28 U.S.C. 1491.

At some time thereafter, however, that statement was replaced by a statement substantially as follows:[3]

The United States Court of Claims has ordered the voiding of Captain ___ failure(s) of selection for promotion to the temporary grade of major. This action, and the gap in ratings and any remaining indicia of prior nonselection for promotion to the grade of temporary major in Captain ___ records shall not be construed in any manner to prejudice Captain ___ opportunity for future promotion.

The substitution occurred prior to a post-reinstatement consideration of plaintiff for selection for promotion. Plaintiff was not selected for promotion.

On brief, plaintiff asserts that the second, substitute, statement is contrary to the terms of Air Force Regulation (AFR) 35–44, "prejudicial," and not in compliance with the 1982 judgment of the Court of Claims. He asks this court to order the Secretary (a) to correct his records by withdrawing the second statement, replacing it with the first statement, and removing plaintiff's post-reinstatement failure (or failures) of selection for promotion, and (b) to convene a "special selection board," pursuant to section 628(b)(1), Title 10, United States Code (Supp. V 1981) to determine whether plaintiff "should be recommended for promotion * * *."

Defendant contends that this court "lacks subject matter jurisdiction" over plaintiff's claim but that, in any event, the Secretary of the Air Force has neither departed from the provisions of AFR 35–44 nor failed to comply with the directive of the Court of Claims respecting "nonprejudicial language." As noted plaintiff has failed to respond to the government's arguments.

There is, to say the least, grave doubt that this court has jurisdiction to grant the relief plaintiff seeks. Plaintiff does not present any claim for money judgment. Cf. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. King,* 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Nor does he seek amendment of, or relief from, the March 19, 1982 judgment of the Court of Claims. He asks, rather, that *this* court order the Secretary of the Air Force to comply with plaintiff's view of what the judgment of *another* court required. Plaintiff points to no authority that would permit this court—unquestionably one of limited jurisdiction—to do so, nor is the court aware of any such authority.[4]

Assuming jurisdiction, however, plaintiff is entitled to no relief.

The judgment of the Court of Claims (on stipulation of the parties) required the Secretary to place in plaintiff's records "nonprejudicial" language explaining a seven-year gap in plaintiff's ratings as an officer.[5] The Secretary promptly undertook to explain that gap in such ratings by a directive

2. Although the exact date of plaintiff's reinstatement to active duty as an officer is unclear, the time frame relevant to the first sentence of the quoted statement would necessarily have been from about July 1, 1975 to about March 31, 1982.

3. Defendant alleges that it has been advised by "responsible" Air Force officials that the replacement was made "because the earlier statement failed to include an explicit injunction against 'prejudice'."

4. Notwithstanding defendant's jurisdictional arguments, plaintiff does not ask that the matter be transferred elsewhere pursuant to section 1631, Title 28, United States Code (Supp. V 1981).

5. Plaintiff's reliance on AFR 35–44 is entirely misplaced. AFR 35–44 did not apply to, and has not been contravened by any action with respect to, plaintiff's reinstatement to active duty as an officer pursuant to the 1982 judgment of the Court of Claims.

 

that the said gap should not be construed as prejudicial to plaintiff; fairly construed, the Secretary's ultimate choice of language amounts to a clear and unambiguous command to future selection board members that neither the gap in plaintiff's ratings as an officer, nor any of the circumstances related to or surrounding that gap, "shall * * * be construed in any manner to prejudice [his] opportunity for promotion in the future."[6]

■ Strong public policies compel the judiciary to allow the armed forces the widest possible latitude in their administration of personnel matters, and there is a strong—albeit rebuttable—presumption favoring the validity of official military acts; the administrators are presumed to have discharged their duties correctly, lawfully, and in good faith. *Buchanan v. United States,* 223 Ct.Cl. 291, 310, 621 F.2d 373, 382–83 (1980); *Sanders v. United States,* 219 Ct.Cl. 285, 302, 594 F.2d 804, 813–14 (1979); *see also Boyd v. United States,* 207 Ct.Cl. 1, 9 (1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *Weiss v. United States,* 187 Ct.Cl. 1, 7, 408 F.2d 416, 419 (1969).

■ The Secretary was essentially directed to include in plaintiff's Air Force records an explanation aimed at precluding—to the extent possible—future prejudice to plaintiff during the process of consideration for promotion resulting from a seven-year gap in plaintiff's service as, and ratings as, a commissioned officer.[7] Whether or not the court might have chosen the same words as did the Secretary had it had the duty to

write the explanation is wholly irrelevant. The Secretary's ultimate choice of language was clearly appropriate to accomplishment of the desired end.[8]

In light of the foregoing, it cannot be concluded that the Secretary failed to comply with the terms of the March 19, 1982, judgment of the Court of Claims in any respect. Accordingly, plaintiff's motion to compel the Secretary to comply therewith must be and is denied.

IT IS SO ORDERED.

---

6. Selection board members may well not be as capable of recognizing or disregarding "improper evidence" as judges, but there is certainly no basis whatever for viewing them "as ignorant jurymen, incapable of * * *" the cerebral effort required to obey an explicit Secretarial order. *Weiss v. United States,* 187 Ct.Cl. 1, 7, 408 F.2d 416, 419 (1969).

7. Plaintiff's military records as corrected in 1982 reflected a total of more than 20 years' active commissioned service. He was then serving on active duty in the grade of captain. He had initially been considered for temporary promotion to the grade of major some 9 years

earlier. No record correction, and no directive, could totally obliterate those facts.

8. In *Kelly v. United States,* No. 634–81C, an order entering judgment for the plaintiff was entered May 19, 1983 (on stipulation by counsel for both parties) expressly incorporating the explanatory language plaintiff Bailey deems "prejudicial."

