**ROIG COMMERCIAL BANK, Plaintiff,**

v.

**Jose Torres DUEÑO, Internal Revenue Service, et al., Defendants,**

v.

**Julio Rodriguez GOMEZ, et al., Co-defendants,**

v.

**Luz E. Santana PEÑA, et al., Counter-claim defendants.**

**Civ. No. 82–2524 HL.**

United States District Court, D. Puerto Rico.

July 9, 1984.

Julio C. Rivera-Velázquez, Humacao, P.R., for plaintiff.

Víctor M. Agrait Defilló, Hato Rey, P.R., for José R. Crespo and Gladys Rodríguez.

Paige E. Reffe, Trial Atty., Tax Div., U.S. Dept. of Justice, Edward J. Snyder, Asst. U.S. Atty., U.S. Dept. of Justice, Washington, D.C., for Internal Revenue.

## ORDER

LAFFITTE, District Judge.

Present before this Court is the Motion to Amend Judgment by codefendants José R. Crespo and Gladys López Rosario, and also their Motion to Dismiss plaintiff's amended complaint, brought as an affirmative defense in codefendants' Answer to Amended Complaint filed April 13, 1984.

On March 27, 1984, Partial Judgment was entered in this case, dismissing all claims against the United States and its agencies and employees. Crespo and López now ask this Court to amend said judgment to allow its counterclaims against the IRS.

As was stated in this Court's Opinion and Order of March 14, 1984, the United States must expressly waive its sovereign immunity to suit for an action to be commenced against it. *U.S. v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980) quoting *U.S. v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). The United States has not done so in this kind of case. The plaintiff essentially establishes a quiet title action, by asserting a right to redeem property sold by the IRS under 26 U.S.C. § 6337, not against the United States, but against the new holders of title.

However, defendants Crespo and López, as holders of title, now assert a direct claim against the IRS and its agents arguing that the Government violated its bargain with them by not delivering a valid deed. The First Circuit Court of Appeals has clearly held that such a case should be brought and adjudicated in the United States Claims Court, pursuant to the Tucker Act. *Burgos v. Milton*, 709 F.2d 1, 3 (1st Cir.1983). Defendants' motion to amend judgment to assert their claims here, cannot be allowed.

Defendants Crespo and López also assert by way of affirmative defense that plaintiff's amended complaint does not comply with this Court's order of March 14, 1984. The Court agrees with codefend-

ants. The plaintiffs again name as code-fendants, and assert claims, against the IRS and its agents-employees, when the Court expressly dismissed all claims against the United States and its agents.

The Court must again dismiss all claims against the United States, its agencies and employees for the same reasons as stated in the Order of March 14, 1984. That portion of plaintiff's amended complaint is stricken from the record.

The plaintiff's action to obtain the property at issue is to be directed at the parties holding title. If that title is not valid, then it is for the holder of such title to bring the action in Claims Court as discussed above.

WHEREFORE, codefendants' Motion to Amend Judgment is hereby DENIED. Codefendants' Motion to Dismiss plaintiff's amended complaint is GRANTED in part and DENIED in part.

The Clerk is instructed to enter Partial Judgment dismissing all claims against the United States, its officers, and agents brought in plaintiff's Amended Complaint.

IT IS SO ORDERED.