**Michael D. DeSHAW, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–87–190–GF.**

United States District Court, D. Montana, Great Falls Division.

Dec. 16, 1988.

Jack L. Lewis, Jardine, Stephenson, Blewett & Weaver, Great Falls, Mont., for plaintiff.

Carl E. Rostad, Asst. U.S. Atty., District of Montana, Gt. Falls, Mont., Joanne R. Marvin, Sp. Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

Plaintiff, Michael D. DeShaw, instituted this action seeking monetary damages under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, for injuries allegedly sustained as a result of the negligent failure of a civilian radiologist, providing services to the United States Air Force under a personal services contract, to detect and diagnose the existence of a malignant tumor in DeShaw's chest cavity. The United States moves the court to dismiss plaintiff's complaint pursuant to Fed.R. Civ.P. 12(b)(6), upon the ground it fails to state a claim upon which relief can be granted. In moving for dismissal, the United States invokes the "independent contractor" exception to the Federal Tort Claims Act. 28 U.S.C. § 2671. In response to the motion of the United States, DeShaw moves the court for a summary adjudication determining that the United States is precluded, under the facts of this case, from invoking the independent contractor exception to the Federal Tort Claims Act.

In order to provide the medical personnel of numerous federal agencies immunity from personal liability for malpractice claims, Congress has enacted a series of statutes which makes the Federal Tort Claims Act the exclusive remedy for malpractice claims against medical personnel in the employ of the United States.[1] The issue to be determined is whether one such enactment, i.e., the Gonzales Act (10 U.S.C. § 1089), expands the liability of the United States under the Federal Tort Claims Act, by abrogating the "independent contractor" exception with respect to medical personnel performing services for those federal agencies designated in 10 U.S.C. § 1089.

### I.

At all times pertinent to this action, Michael DeShaw, as a dependent of a retired military person, was entitled to benefits under the Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"), 10 U.S.C. §§ 1079 and 1086. On

---

1. See, Act of October 31, 1965, 79 Stat. 1156 (38 U.S.C. § 4116) (medical personnel of the Veterans Administration); Act of December 31, 1970, 84 Stat. 1870 (42 U.S.C. § 233) (medical personnel of the Public Health Service); Pub.L. 94–350, 90 Stat. 823 (July 12, 1976), Pub.L. 94–464, 90 Stat. 1985 (10 U.S.C. § 1089) (medical personnel of the armed forces, the State Department, the Department of Defense, the Central Intelligence Agency, and the National Aeronautics and Space Agency).

**188**

July 27, 1984, DeShaw sought and obtained chest x-rays at a hospital operated by the United States Air Force at Malmstrom Air Force Base, Montana. DeShaw received treatment in the Malmstrom facility pursuant to 10 U.S.C. § 1086(e). The attending radiologist, Dr. Frank Petkevich, concluded the x-rays showed no significant radiographic abnormality. Subsequently, on August 22, 1985, x-rays taken at another medical facility revealed the existence of a tumor which was ultimately determined to be malignant.

DeShaw concedes that Dr. Petkevich rendered his services pursuant to a personal services contract with the United States Air Force. DeShaw contends, however, that regardless of Dr. Petkevich's status as an independent contractor, the United States is liable for Petkevich's tortious conduct. Deshaw predicates his position upon his interpretation of 10 U.S.C. § 1089, which, DeShaw submits, serves to abrogate the independent contractor exception with respect to the tortious acts of medical personnel who come within the purview of that statute. Specifically, DeShaw views 10 U.S.C. § 1089 as designed to expand the liability of the United States under the Federal Tort Claims Act, by rendering that entity liable for the tortious acts of all medical personnel providing medical services pursuant to the provisions of CHAMPUS. 10 U.S.C. § 1089 provides, in relevant part:

> The remedy against the Untied States provided by [28 U.S.C. §§ 1346(b) and 2672] for damages for personal injury ... caused by the negligent or wrongful act or omission of any physician ... of the armed forces, ... the Department of Defense ... in the performance of medical, ... or related health care functions ... while acting within the scope of his duties or employment therein or therefor shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician,....

DeShaw seeks to impress upon the court that the express textual language of 10 U.S.C. § 1089 evinces a clear intent on the part of Congress to waive the sovereign immunity of the United States with respect to malpractice claims advanced against medical personnel arising out of services performed by such individuals pursuant to personal services contract with the designated agencies of the United States. DeShaw submits that if Congress had enacted 10 U.S.C. § 1089 for the sole purpose of providing personal immunity to those medical personnel actually in the employ of the designated agencies, the Congress would have refrained from utilizing such expansive language as "scope of his duties" thereby limiting the scope of the statute to individuals actually in the employ of the United States. Accordingly, DeShaw views 10 U.S.C. § 1089 as an express waiver of sovereign immunity designed to afford individuals entitled to the benefits of CHAMPUS a civil remedy against the United States for damages caused by medical personnel rendering services to the designated agencies.

## II.

The United States, as sovereign, is immune from suit except to the extent that it has unequivocally consented to be sued. *See, United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The consent of the United States to suit can only be conferred by Congress and there exists no jurisdiction in any court to entertain suits against the United States except where Congress has consented to a cause of action. *See, United States v. Sherwood,* 312 U.S. at 587–588, 61 S.Ct. at 770–71; *United States v. Shaw,* 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940). It is well established that a waiver of the traditional sovereign immunity of the United States "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). In that regard, the court of appeals for this circuit has emphasized that "[a] party bringing a cause of action against the fed-

eral government bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir.1987).

▮ The Federal Tort Claims Act is a limited waiver of sovereign immunity which permits the United States to be sued for the negligence of its employees. 28 U.S.C. § 1346(b). By express reference, the Act excludes from its coverage "any contractor with the United States." 28 U.S.C. § 2671. Consistent with the express intent of Congress, federal courts have consistently recognized that the United States is not liable for the torts of its independent contractors. *See, e.g., United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973). The United States may, however, be liable for the actions of an independent contractor if the United States has the authority "to control the detailed physical performance of the contractor" and supervise its day-to-day operations. *United States v. Orleans*, 425 U.S. at 814–15, 96 S.Ct. at 1975–76 (*quoting, Logue v. United States*, 412 U.S. at 528, 93 S.Ct. at 2219). DeShaw does not contend that the United States exercised that quantum of control over the day-to-day activities of Dr. Petkevich necessary to warrant the conclusion that Petkevich was an employee of the United States for purposes of the Federal Tort Claims Act. Rather, he contends 10 U.S.C. § 1089 represents an express congressional waiver of sovereign immunity.

▮ Having reviewed the text of 10 U.S.C. § 1089, together with the legislative history attendant that statute's enactment, the court is unable to conclude that the statute unequivocally evinces an intent on the part of Congress to waive the sovereign immunity of the United States, by abrogating the independent contractor exception to the Federal Tort Claims Act.

The court's conclusion is predicated upon the fact the express language of the statute contemplates the existence of a remedy against the United States under the Federal Tort Claims Act. Specifically, the statute provides, at subsection (a), "[t]he remedy against the United States provided by sections 1346(b) ... shall hereafter be exclusive." 10 U.S.C. § 1089(a). Moreover, nearly identical language contained in a similar statute designed to provide immunity to medical personnel in the employ of the Veterans Administration, *see,* 38 U.S.C. § 4116(d), has specifically been held not to extend to independent contractors providing medical services to the Veterans Administration. *See, Lurch v. United States,* 719 F.2d 333 (10th Cir.1983), *cert. denied,* 466 U.S. 927, 104 S.Ct. 1710, 80 L.Ed.2d 182 (1984).

In rejecting the proposition that 38 U.S.C. § 4101(a) served to abrogate the independent contractor exception of 28 U.S.C. § 2671, the court in *Lurch* recognized the statute was not intended to expand the liability of the United States under the Federal Tort Claims Act, but contemplated the existence of a remedy against the United States under the Act. 719 F.2d at 340. The court in *Lurch* interpreted the text of 38 U.S.C. § 4116(a) as evincing a strong congressional intent that the immunity afforded was to be extended only to federal employees. 719 F.2d at 340.

Viewing the textual language of 10 U.S.C. § 1089 as more expansive than the language of 38 U.S.C. § 4116, DeShaw asserts the rationale expressed by the court in *Lurch* as inapposite.[2]

DeShaw submits that support for his position may be found in the Senate report accompanying enactment of 10 U.S.C. § 1089. Specifically, DeShaw directs the court's attention to that section of the Senate report which summarizes the effect of subsection (a), wherein it is stated that the coverage of subsection (a) is extended not only to medical personnel of the United

---

**2.** The operative language of 38 U.S.C. § 4116(a) may be summarized as follows: "The remedy against the United States provided by §§ 1346(b) and 2672 ... for damages for personal injury, ... allegedly arising from malprac-

tice or negligence of a physician, ... in furnishing medical care or treatment while in the exercise of such person's duties ... shall hereafter be exclusive...."

States Armed Forces and the other designated executive agencies, but to "persons employed under personnel [sic] service contracts with the defense department." S.Rep. No. 1264, 94th Cong., 2nd Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Admin.News 4443, 4450. As would be expected, DeShaw submits the reference to personal contracts manifests a congressional intent to abrogate the independent contractor exception to the Federal Tort Claims Act.

In enacting 10 U.S.C. § 1089, Congress recognized the existence of four similar immunity statutes designed to protect certain classes of government employees from personal liability. S.Rep. No. 1264, *supra*, at 4444. In fact, Congress stated that 10 U.S.C. § 1089 was, in all essential respects, similar to the other four immunity statutes in that each statute "abolished all rights recognized by the common law to obtain the legislative objective of protecting certain federal employees from suit in their individual capacities." *Id.*, at 4445. It is true, as DeShaw recognizes, that the legislative bill leading to the enactment of 10 U.S.C. § 1089 "included revisions and improvements to clarify some of the inconsistencies encountered in the application of the earlier statutes." *Id.*, at 4445. There is no indication, however, that Congress intended 10 U.S.C. § 1089 to differ in such a significant respect from the other immunity statutes which it had previously deemed appropriate to enact.[3]

The reference to personal contracts, read in isolation of the entire legislative history attendant enactment of 10 U.S.C. § 1089, however, does not in itself reflect an explicit congressional intent to waive the sovereign immunity of the United States. Considering the legislative history attendant Congress' enactment of 10 U.S.C. § 1089, the court is unable to conclude that Congress' reference to persons employed under personal services contracts is legitimately construed as a waiver of sovereign immunity for the tortious acts of independent contractors rendering medical services to the designated federal entities. Rather, the court is constrained to view the reference as reflecting a congressional intent to provide immunity to those medical personnel who provide their services to the federal government under contract, but whose physical performance of their duties are supervised and controlled on a day-to-day basis by the federal government.[4] Absent a more explicit indication of the intent of Congress to waive the sovereign immunity of the United States, this court would be remiss to construe section 1089 in such broad terms.

Therefore, for the reasons set forth herein, IT IS HEREBY ORDERED that the motion to dismiss of the defendant United States of America be, and the same hereby is, GRANTED, and this action is, accordingly, DISMISSED.

---

**3.** Where Congress has intended through the enactment of a personal liability immunity statute to abrogate the independent contractor exception to the Federal Tort Claims Act, it has spoken with precision. *See, e.g.,* 42 U.S.C. § 2212 (1984) (statute making the Federal Tort Claims Act the exclusive remedy for determining the civil liability for claims against government contractors engaged in atomic weapons testing program under contract with the United States); 42 U.S.C. § 247(b)(k) (1976) (statute waiving sovereign immunity of the United States with respect to claims against participants in the swine flu immunization program).

**4.** In *Logue, supra,* the Supreme Court held that the distinction between a servant relationship and that of an independent contractor, where the relationship is fixed, turns "on the absence of the authority in the principal to control the physical conduct of the [alleged employee] in [the] performance of the contract." *Logue,* 412 U.S. at 527, 93 S.Ct. at 2219; *see also, Orleans,* 425 U.S. at 814, 96 S.Ct. at 1975. It is well established that where the United States controls the day-to-day operations of a person under contract with the government, the United States is liable for the tortious acts of that individual. *See, Orleans,* 425 U.S. at 814, 96 S.Ct. at 1975.