899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David A. FORD, Appellant,
v.
UNITED STATES, Appellee.
 No. 90-5021.
 United States Court of Appeals, Federal Circuit.
 March 13, 1990.
 
 Before RICH, Circuit Judge, BALDWIN, Senior Circuit Judge, and JOHN C. LIFLAND, Judge.*
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 Appellant, David A. Ford, seeks review of the September 11, 1989 order of the United States Claims Court, No. 351-87C, granting the United States' motion to dismiss Ford's suit for back pay and reinstatement as an enlisted member of the United States Marine Corps., for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 The United States Claims Court's jurisdiction under the Tucker Act, 28 U.S.C. Sec. 1491 (1982), is limited to monetary claims against the United States. United States v. King, 395 U.S. 1, 3 (1969). The Claims Court cannot grant non-monetary relief unless "it is tied and subordinate to a monetary award." Gentry v. United States, 546 F.2d 343, 355 (Ct.Cl.1976) (citing Austin v. United States, 206 Ct.Cl. 719, 723, cert. denied, 423 U.S. 911 (1975)). The monetary relief sought by Ford is back pay. However, back pay is confined to the period of enlistment, Austin, 206 Ct.Cl. at 724, and Ford's enlistment expired several months prior to his administrative separation from the Marine Corps. Because there is no valid claim to monetary relief after the term of enlistment has expired, the Claims Court lacks jurisdiction to adjudicate the matter of discharge or reinstatement beyond a serviceman's term of enlistment. Id. at 723-724. In the absence of pay entitlement arising from Ford's discharge, the Claims Court properly dismissed Ford's claim for back pay and reinstatement, for lack of subject matter jurisdiction.
 
 
 3
 We have also considered Ford's argument regarding 28 U.S.C. Sec. 1491(a)(2) (1982) and have found it to be unpersuasive, as this provision is unavailable in the absence of a valid claim for monetary relief.
 
 
 
 *
 Judge John C. Lifland of the United States District Court for the District of New Jersey, sitting by designation