Concurring opinion filed by Senior Circuit Judge FRIEDMAN.
FRIEDMAN, Senior Circuit Judge,
concurring.
The result the court reaches is a harsh one. Under 19 C.F.R. § 158.12(a), imported merchandise “found by the port director to be partially damaged at the time of importation shall be appraised in its condition as imported, with an allowance made in the value to the extent of the damage.” In the present case, the imported automobiles were concededly “partially damaged at the time of importation” because of their latent defects. The kind and extent of those defects in particular vehicles, however, were not discoverable or the cost of repairing them determinable *1375 until after Customs had liquidated the duties and the time for protesting such liquidation or filing a judicial challenge thereto had expired. The effect of the court’s decision, therefore, is that Volkswagen has had to pay duties based on the appraised value of the automobiles, although the actual amount Volkswagen received on the sale of the vehicles necessarily was reduced by its cost of making the repairs.
The court determines that this result is required by 19 U.S.C. § 1514, which provided that, with exceptions not here relevant, Customs “decisions ... as to — (1) the appraised value of merchandise ... shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade.” On its face, this language supports the court’s conclusion.
Even clear statutory language, however, may not always mean what it appears to say. For many years the Declaratory Judgment Act, 28 U.S.C. § 2201, had provided that “any court of the United States” could issue such a judgment. In 1969, there was no question that the United States Court of Claims was a “court of the United States.” In United States v. King, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), however, the Supreme Court held that the Court of Claims had no “authority to issue declaratory judgments.” 395 U.S. at 5, 89 S.Ct. 1501. It reasoned that “cases seeking relief other than money damages from the Court of Claims have never been ‘within its jurisdiction,’ ” and that “[tjhere is not a single indication in the Declaratory Judgment Act or its history that Congress, in passing that Act, intended to give the Court of Claims an expanded jurisdiction that had been denied to it for nearly a century.” 395 U.S. at 4, 5, 89 S.Ct. 1501.
It is arguable that, similarly, the provision in § 1514(a) making Custom’s appraisal of the value of merchandise “final and conclusive” in the absence of a timely protest or a judicial challenge of the denial of the protest, assumes that such protest or judicial challenge could produce adequate relief to the protesting importer. Here, however, there is nothing Volkswagen could have done, either in a timely protest or a judicial challenge to its denial, that would have enabled it to obtain a refund of the portions of the duties it paid that represented its cost of repairing the latent defects that came to light only after liquidation had become final. Under this reasoning, § 1514(a) would not bar Volkswagen’s suit in the Court of International Trade.
Analogy also could be drawn to the principle that exhaustion of administrative remedies is not required if it would have been futile to pursue that course. Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324 330, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969) (noting an “obvious exception! ] to the exhaustion requirement — the situation where the effort to proceed formally with ... administrative remedies would be wholly futile”). In the present case, it would have been futile for Volkswagen to have followed the protest and judicial review path.
I join the court’s decision because of what I view as Congress’ overarching design in this statutory scheme that once the time for filing a protest and judicial challenge of its denial has expired, that marks the end of any administrative and judicial proceedings seeking to overturn Customs’ appraisal of the merchandise. Volkswagen’s attempts to prolong such proceedings, until possibly many years after Customs’ appraisal action has become final, *1376 appear inconsistent with this basic statutory design. If the result in this case does not accord with Congress’ intent and design and the problem appears to Congress to be sufficiently significant to warrant changing the statutory scheme, Congress may do so. Such a change, however, is for the legislative and not the judicial branch.