PER CURIAM.
The Plaintiff-Appellant Michael Shana-naquet filed a Complaint in the Tribal Court of the Grand Traverse Band of Ottawa and Chippewa Indians (“Grand Traverse Band”) alleging wrongful termination from his position as general manager of the Leelanau Sands Casino of the Grand Traverse Band of Ottawa and Chippewa Indians Economic Development Corporation (“EDC”). Plaintiff has filed a motion with this Court to grant him a late appeal of the Tribal Court’s Decision granting Defendant’s Motion for Summary Disposition on all counts of the Complaint based on sovereign immunity. Appellant makes his motion pursuant to Appellate Rule 9.301(E).
We conclude that the Plaintiff has not met his burden under Appellate Rule 9.301(E) and deny the Plaintiffs Motion for Late Appeal.
Appellate Rule 9.301(E) provides: “The Court of Appeals may, at its discretion, grant leave to appeal from any order or judgment upon the showing by appellant, supported by affidavit, that there is merit in the reasons for appeal and that late filing was not due to appellant or appellant’s attorney/advocate negligence.” Two criteria must be met before the Appellate Court may grant leave to file a late appeal. First, appellant must demonstrate that the appeal has merit; and second, appellant’s or his attorney’s negligence may not be the cause the appeal was not filed timely. Both criteria must be satisfied before a late appeal can be granted.
The Tribal Court granted defendant EDC’s Motion for Summary Disposition based upon that Court’s interpretation of the Constitution of the Grand Traverse Band and the Grand Traverse Band Code. To determine the merit of Plaintiffs motion for leave to file a late appeal, the Tribal Court’s decision to grant summary judgment must be reviewed as well as the Tribal Court’s constitutional and statutory interpretation.
The standard of review applied in this matter shall be the same as that would be applied by the courts of the State of Michigan. The decision to grant or deny summary disposition is a question of law that is reviewed de novo. Van v. Zahorik, 460 Mich. 320, 597 N.W.2d 15 (1999). The interpretation and application of a statutory provision is a question of law that is reviewed de novo by this Court. People v. Webb, 458 Mich. 265, 274, 580 N.W.2d 884 (1998). This Court, therefore, will render its decision as if the Tribal Court had previously made no decision.
Summary disposition may be granted on the ground that the plaintiff’s claim is barred because of immunity granted by law. Jackson v. City of Detroit, 449 Mich. 420, 537 N.W.2d 151 (1995). “Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers.” Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), citing Turner v. United States, 248 U.S. 354, 358, 39 S.Ct. 109, 63 L.Ed. 291 (1919); United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 512-513, 60 S.Ct. 653, 84 L.Ed. 894 (1940); Puyallup Tribe v. *162 Washington Dept. of Game, 483 U.S. 165, 172-173, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977). The Grand Traverse Band as a federally recognized Indian tribe enjoys the same immunity from suit as other sovereign powers. The Grand Traverse Band’s sovereign immunity from suit in any state, federal or Tribal Court, has been extended to the EDC by its federal charter as codified in the.Grand Traverse Band Code. 15 GTBC 216(a). Consequently, the EDC possesses immunity from suit granted by law. The Tribal Court, therefore, may properly grant summary disposition to the EDC based upon the EDC’s immunity from suit.
The EDC’s immunity from suit is an absolute bar to the Plaintiffs lawsuit unless there is a waiver of the EDC’s immunity from suit. This Court must determine whether or not a waiver of immunity exists. “It is well settled that a waiver of immunity ‘cannot be implied but must be unequivocally expressed.’” Santa Clara Pueblo v. Martinez quoting United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).
Plaintiff argues that the “sue and be sued” clause of the EDC’s federal charter as codified in 15 GTBC 211(s) acts as a waiver of the EDC’s immunity. 15 GTBC 21 l(s)-provides: “To sue and be sued in its Corporation name in courts of competent jurisdiction within the United States, including, without limitation, the courts of the State of Michigan and the United States of America in conformity with the procedures stated in Article XIII of the GTB Tribal Constitution and Article VII of this Charter [Part 7 of this Chapter].” The “sue and be sued” clause of the EDC’s charter is not absolute since it must be exercised in conformity with Article VII of the EDC’s federal charter [Part 7 of chapter 15 of the Grand Traverse Band Tribal Code], 15 GTBC 218(a) of Part 7 provides: “Sovereign immunity of the Corporation may be waived only by express resolutions of both the Corporation and the GTB Tribal Council ...” No such resolutions exist. This Court finds that the “sue and be sued” clause of the EDC’s federal charter as codified in 15 GTBC 211(s) is not a waiver of the EDC’s immunity from suit without the requisite Tribal Council and corporate resolutions.
The Plaintiff argues that the EDC exists as an arm of the Tribe and the EDC’s powers ai-e coextensive with the Tribe. The Plaintiff is asserting that the EDC is not a separate and distinct entity from the Grand Traverse Band. As such, the Plaintiff is asking the Court to treat the EDC as synonymous with the Grand Traverse Band and apply Articles X and XIII of the Grand Traverse Band’s Constitution or the Indian Civil Rights Act to effect a waiver of the EDC’s immunity from suit.
The federal charter for the EDC as codified in 15 GTBC 101 et seq goes to great lengths to make it perfectly clear that the EDC is a separate and distinct entity from the Grand Traverse Band.
“This (EDC) is a distinct legal entity .. . and its corporate activities, transactions, obligations, liabilities and property are not those of the Tribe.” 15 GTBC 203.
The EDC is a federally chartered Indian business corporation and any powers and immunities it may have are granted by the laws of the United States. See 15 GTBC 202.
“The (EDC) is a legal entity ... distinct and separate from the (Grand Traverse Band).” 15 GTBC 206(a).
“The activities, transactions, obligations, liabilities, and properties of the (EDC) *163 are not those of the (Grand Fraverse Band)”. 15 GTBC 206(b).
The Grand Traverse Band is connected to the EDC by the fact that a federal charter was issued to the Grand Traverse Band for the EDC and the feet that the Grand Traverse Band is a shareholder of the corporation albeit the sole shareholder. We find that the mere fact that a federal charter is issued to the Grand Traverse Band for the EDC or the fact that the Grand Traverse Band is the sole shareholder of the EDC is an insufficient reason to in effect pierce the corporate veil and determine that the acts of the corporation are the acts of the Grand Traverse Band or in other words, that the corporation is the Grand Traverse Band. A finding to the contrary by this Court would effectively obliterate the distinction between what is tribal and what is corporate in character.
Plaintiff insists that the EDC is constrained by the application of Alfides X and XIII of the Grand Traverse Band Constitution. Article X of the Grand Traverse Band Constitution provides that: “The Grand Traverse Band in exercising the powers of self government shall not: (h) ... deprive any person of liberty or property without due process of law.” The Plaintiffs employment was with the EDC. The EDC, a federally chartered corporation, terminated Plaintiffs employment. There was no exercise of the powers of self government of the Grand Traverse Band in Plaintiffs employment termination. Article XIII Section 1. of the Grand Traverse Band Constitution contains the authority for the Tribal Council to waive the Grand Traverse Band’s sovereign immunity by a resolution approved by an affirmative vote of five of the seven members of the Tribal Council. There is no contention that such a waiver exists. Article XIII Section 2(a) of the Grand Traverse Band Constitution provides for a waiver of sovereign immunity from suit in Tribal Court for the Grand Traverse Band and Tribal Council members in their official capacities. The present matter is a lawsuit filed by an employee of the EDC against the EDC. The Grand Traverse Band and the Tribal Council members are not parties to this lawsuit. The EDC is neither synonymous with nor an arm of the Grand Traverse Band. Actions of the EDC, therefore, cannot be treated as actions of the Grand Traverse Band. Article XIII Sections 1, and 2(a), therefore, have no applicability to the matters in issue before this Court.
Plaintiff also argues that the Indian Civil Rights Act 25 U.S.C. § 1301 et seq. (“ICRA”) is available to him to address the pei-ceived harm he has suffered. Plaintiff cites Santa Clara Pueblo v. Martinez for the proposition that “Tribal forums are available to vindicate rights created by the ICRA and (section) 1302 has a substantial and intended effect of changing the law that these forums are obligated to apply.” Id. at 65, 98 S.Ct. 1670. Plaintiff asserts that a substantive right, employment, has been denied to him without due process of law. Section 1302 of ICRA provides in part: “No Indian tribe in exercising the powers of self government shall: (8) ... deprive any person of property without due process of law.” It follows that the asserted right depends upon whether the ICRA can be fairly interpreted to apply to actions of the EDC, a federally chartered corporation.
The ICRA as well as the Grand Traverse Band Constitution apply to an Indian tribe exercising the powers of self government, This Court is not convinced that the EDC in making a personnel decision in its corporate capacity as a private employer is in fact exercising the powers of self government of an Indian tribe. WE are not ready to ignore the explicit provisions of the EDO’s federal charter as codified in *164 the Grand Traverse Band Code to conclude that the EDC was exercising the powers of tribal self government in terminating Plaintiffs employment because it might be thought to be responsive to a particular view of enlightened governmental policy. This Court finds that the ICRA is not applicable to the Plaintiffs termination from the EDC.
The final argument Plaintiff makes is that the EDC is estopped from asserting immunity from suit. Plaintiff claims that the EDC Personnel Policies create a property right in his employment the termination of which in contravention of those policies would create a manifest injustice. The EDC Personnel Policy states that: “These policies and procedures are not contractual conditions of employment.” See page 8. This contract disclaimer clearly communicates to employees that the EDC did not intend to enter into an employment contract with Plaintiff or any other employee as a result of its Personnel Policies. The Plaintiff could not have formed a legitimate expectation that the EDC had entered into a contract with him that would elevate his employment with the EDC to a protected property right. Any variance in following the procedures provided in the EDC Personnel Policy would not involve the deprivation of a property right since none was created by a contract embodied in the EDC Personnel Policy. No manifest injustice will result to Plaintiff in refusing to apply the doctrine of estoppel to prevent the EDC from asserting immunity from his lawsuit.
We find for the reasons stated above that there is no merit in Plaintiff’s appeal. This Court, therefore, does not determine whether or not the Plaintiffs or his attorney’s negligence contributed to the need to file a late appeal. Although, this Court does note that a delay of ten days in filing an appeal is not in and of itself sufficient reason to deny leave for appeal.
IT IS ORDERED that the Plaintiff-Appellants Motion for Granting Late Appeal is denied.